595 So.2d 230 (1992)
Ernesto ARIAS, a minor; Alfred Arias, individually and as next friend of Ernesto Arias, a minor; and Juana Arias, individually and as next friend of Ernesto Arias, a minor, Petitioners,
v.
Michael URBAN, Respondent.
No. 91-2705.
District Court of Appeal of Florida, Third District.
March 3, 1992.
Rehearing Denied April 7, 1992.
*231 Kubicki, Draper, Gallagher & McGrane and Gail Leverett and Betsy E. Gallagher, Miami, for petitioners.
James C. Blecke, Miami, for respondent.
Before NESBITT, FERGUSON and LEVY, JJ.
LEVY, Judge.
The petitioners/defendants petition for a writ of certiorari to quash the trial court's orders allowing the discovery of records of Ernesto Arias's psychiatrist and psychologists.
Ernesto Arias and his parents, Alfred and Juana Arias, the petitioners/defendants, were sued by Michael Urban, the plaintiff, for injuries the plaintiff alleged were caused by Ernesto. The plaintiff alleged Ernesto assaulted him with a diving knife, or negligently stabbed him. The plaintiff's complaint further alleged that the stabbing occurred because Ernesto's parents negligently supervised him. The defendants denied these allegations. During the discovery phase of the case, the plaintiff subpoenaed Ernesto's records from the Elan School in Maine. Ernesto attended the Elan School pursuant to an earlier plea-bargain agreement for rehabilitative reasons. The plaintiff also sought to depose Dr. Hector Gonzalez, a psychiatrist, and sought the production of Dr. Gonzalez's records that related to Ernesto.
The defendants objected to the Elan School records request, and argued that the records were privileged and confidential because Ernesto attended the school for therapeutic and rehabilitative reasons. The defendants also filed a motion for a protective order from the plaintiff's attempted deposition of Dr. Gonzalez and his records. As a basis for the protective order, the defendants relied upon Section 90.503, Florida Statutes (Supp. 1990), which provides for a privilege for communications between a psychotherapist and a patient. The plaintiff argued that the defendants placed Ernesto's mental and emotional condition directly in issue when they denied the allegations that the parents knew Ernesto was mentally unstable and/or emotionally disturbed. On October 10, 1991, the trial court sustained the defendants' objection to the plaintiff's request for the Elan School records. The trial court, however, allowed the plaintiff to depose the psychologists who treated Ernesto in Maine. The trial court also entered an order on October 31, 1991, denying the defendants' motion for a protective order as to Dr. Gonzalez.
We agree with the defendants that Section 90.503, clearly provides for a privilege against the discovery of the psychotherapist-patient communications developed in the course of diagnosis or treatment. Section 90.503(2) provides:
A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or *232 emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
The trial court's October 10, 1991, Order, allowing the plaintiff's discovery of the psychologists in Maine, and the trial court's October 31, 1991, Order allowing the plaintiff's discovery of Dr. Gonzalez and his records of Ernesto is a clear violation of this statutory privilege, insofar as it requires the psychotherapist to divulge information protected by the psychotherapist-patient privilege.
Unlike the issue decided in Young, Stern & Tannenbaum, P.A. vs. Smith, 416 So.2d 4 (Fla. 3d DCA 1982), the plaintiff herein argues that the privilege no longer exists for Ernesto because Ernesto's parents, the plaintiff claims, waived this privilege when they denied allegations that they knew or should have known their son would injure someone if they left him unsupervised. We disagree. See Peisach v. Antuna, 539 So.2d 544 (Fla. 3d DCA 1989).
The psychotherapist-patient privilege is the patient's to either assert or waive  not that of a third party. As to any alleged waiver of this privilege, Section 90.503(4) provides:
There is no privilege under this section:
...
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense. (emphasis added)
The record is devoid of any instance in which Ernesto, or anyone authorized to act on his behalf, waived this privilege. Since the language of Section 90.503 clearly provides for a privilege over psychotherapist-patient communications, and Ernesto did not waive this privilege, we grant the petitioner's petition for a writ of certiorari and quash the trial court's orders granting discovery of the defendant's psychotherapists and their records.