595 So.2d 230 (1992)
Jose V. SILVA and Alma E. Silva, Appellants,
v.
Serafin HERNANDEZ, Appellee.
No. 91-2240.
District Court of Appeal of Florida, Third District.
March 3, 1992.
Rehearing Denied April 7, 1992.
Gonzalez & Vidal and Jorge L. Gonzalez, Coral Gables, for appellants.
Michelle B. Alvarez, Coral Gables, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
We affirm the summary final judgment in favor of appellee. The trial court properly disregarded appellants' untimely affidavit. Hartford Accident & Indem. Co. v. Gillette, 519 So.2d 1059 (Fla. 1st DCA 1988); Auerbach v. Alto, 281 So.2d 567 (Fla. 3d DCA 1973); cert. denied, 297 So.2d 31 (Fla. 1974); Hardcastle v. Mobley, 143 So.2d 715 (Fla. 3d DCA 1962); contra Burton v. GOV Contracting Corp., 552 So.2d 293 (Fla. 2d DCA 1989).
We reverse the award of attorney's fees, however. "[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee." Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla. 1987); see Hemmerle v. First Fed. Sav. & Loan Ass'n, 338 So.2d 82 (Fla. 2d DCA 1976). Here, the record contains no testimony other than that of the attorney seeking the fees. An award of fees on that record is error. Palmetto Fed. Sav. & Loan Ass'n v. Day, 512 So.2d 332 (Fla. 3d DCA 1987); Walker v. Kremer, 382 So.2d 338 (Fla. 4th DCA 1980); Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979); Mullane v. Lorenz, 372 So.2d 168 (Fla. 4th DCA 1979). The cause is remanded for the trial court to conduct a hearing on the attorney's fee issue.
Affirmed in part; reversed in part.