780 So.2d 301 (2001)
ATTORNEY AD LITEM FOR D.K., a minor, Petitioner,
v.
The PARENTS OF D.K., Respondents.
No. 4D00-3634.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
*303 James S. Margulis of Law Office of Matthew S. Nugent, West Palm Beach, for petitioner.
Keith H. Park of Keith H. Park, P.A., West Palm Beach, for respondent/father.
Jorge M. Cestero of Sasser, Cestero & Sasser, P.A., West Palm Beach, respondent/mother.
WARNER, C.J.
A minor child, through her attorney ad litem, petitions this court to quash an order of the trial court denying a motion for protective order involving discovery of medical and mental health records of the minor child. These records were requested by a psychologist appointed by the court to evaluate the entire family as to custody issues in a dissolution of marriage action between the minor child's parents. The seventeen year old minor, through her attorney, asserted her psychotherapist/patient privilege. Under the circumstances of this case, we grant the petition.
When the mother filed her petition for dissolution of marriage, she alleged that she should have sole custody of the parties' daughter because the husband had sexually abused the child, now seventeen years old. The husband denied the allegations and requested primary residential custody of both children.
In 1997, when the daughter started high school, she first began treatment for various mental and behavioral problems, with both parents' consent. She was admitted to two mental health treatment facilities and received therapy from at least two *304 mental health professionals thereafter. Shortly after she began treatment with her current psychotherapist in June of 1999, she alleged for the first time that her father had sexually abused her when she was between three and seven years old. This precipitated the mother filing the petition for dissolution.
The parties agreed to the appointment of a certified custody evaluator and a psychologist to evaluate the entire family and agreed to provide both the evaluator and psychologist with the entire family's medical records. When the husband sought to obtain the daughter's records, the wife's attorney informed the husband and the court that the daughter might have a privilege in the records. To protect the child's rights, the court appointed an attorney ad litem who asserted a privilege on behalf of the daughter and opposed the production of the mental health records. Both the husband and wife agreed to the production of the child's records.
At the hearing on the daughter's assertion of the privilege, both the custody evaluator and the psychologist appointed by the court testified that it was in the best interest of both children to obtain all of the records to evaluate the custody issues. While the psychologist did not know what, if anything, would be relevant in the records he sought, he felt that his opinion would not be complete without having reviewed the records. However, he recognized the need to protect the confidentiality of the minor child and that using what he saw in those records as a basis of his opinion would make him a conduit of privileged information and would not be in the best interests of the daughter. Likewise, the custody evaluator simply felt that her report could not be complete without seeing the entire psychological picture of the daughter because she had never before been refused access to records in preparing her report. Both the psychologist and the custody evaluator had met with and examined the daughter, and she had told both of them about the sexual abuse.
The trial court denied the attorney ad litem's motion for protective order and decided that the daughter's mental health records should be made available only to the custody evaluator and the appointed psychologist. While the court found that there was a confidential privilege, the court's order determined that the parents had waived the privilege, and the psychologist and custody evaluator had determined that the information was necessary to complete their evaluations. The child, through her attorney ad litem, petitions this court to quash the order on the ground that the information is privileged.[1]

I. Minor's Right to Assert Psychotherapist/Patient Privilege
Traditionally, and by statute[2], parents are the natural guardians of their children. It is generally presumed that when children lack the capacity to make certain decisions, their parents as their natural guardians make those decisions for them. Cf. Smith v. Org. of Foster Families for Equal. and Reform, 431 U.S. 816, 841 n. 44, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977).
However, not all decisions are removed from a minor. For instance, Chapter 743, Florida Statutes (2000), provides for the removal of the disabilities of non-age under certain circumstances. *305 Where such disabilities are removed, "[t]he minor may assume the management of his or her estate, contract and be contracted with, sue and be sued, and perform all acts that he or she could do if not a minor." § 743.01, Fla. Stat. (2000). Moreover, the disabilities of non-age are removed in a limited fashion for any child over the age of 13 to request treatment when the child experiences an emotional crisis to such a degree that the child perceives the need for such services. See § 394.4784(1), Fla. Stat. (2000). While a parent must be notified if the services exceed two visits in any one week period, parental participation in such treatment is allowed "when determined to be appropriate by the mental health professional or facility." Id. Further, a minor has a right of privacy in some decisions, including the right to seek an abortion, without parental consent. See In re T.W., 551 So.2d 1186 (Fla.1989). Thus, parents cannot in all circumstances control the exercise of their child's rights.
Minors may also invoke and waive constitutional rights without their parents. A minor may waive the right to remain silent and the right to an attorney. See Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). Cf. California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981). The "totality of circumstances" test is used to determine whether there has been a voluntary waiver by a minor. Fare, 442 U.S. at 724-25, 99 S.Ct. 2560. This includes an evaluation of the minor's age, experience, education, background, intelligence, and whether he or she has the capacity to understand his or her constitutional rights and the consequences of waiving them. From the foregoing, we conclude that minors do have rights which they can assert themselves in their own best interest.
Turning to health care law specifically, there are several statutory provisions that appear to limit parents' access to their child's medical records. Under the Florida Mental Health Act (also known as the Baker Act),[3] a parent, as natural guardian of a minor, is entitled access to "appropriate" clinical records of the minor patient. § 394.4615(2)(a), Fla.Stat. (2000). Further, a parent can request and receive information "limited" to a summary of the child's treatment plan and current physical and mental condition. § 394.4615(9), Fla. Stat. (2000). While parents are entitled to hospital records of their children, these do not include psychiatric care records. See § 395.3025(1)-(2), Fla. Stat. (2000). Section 456.059 provides that "[c]ommunications between a patient and a psychiatrist... shall be held confidential and shall not be disclosed except upon the request of the patient or the patient's legal representative. Provision of psychiatric records and reports shall be governed by s. 456.057." Section 456.057(4) provides that medical records shall be furnished to the patient or the patient's legal representative, except in the case of psychiatric records, a health care provider may provide a report of the examination and treatment in lieu of copies. The statutes thus favor confidentiality of psychiatric records, even a minor's psychiatric records in some instances.
In this case, the child argues that she has a privilege not to disclose the records of her psychotherapist, citing section 90.503. Who may claim this privilege, or waive it, on behalf of a child has not been addressed either by statute or case law, particularly where the child is asserting her privilege against her parents' decision to waive it.
At common law, no privilege existed between a physician and a patient. See Law Revision Council Note to section 90.503 (1976); Fidelity & Cas. Co. of New York v. Lopez, 375 So.2d 59 (Fla. 4th DCA 1979). Generally, it was thought that later disclosure of a patient's confidences in the courtroom would not be a substantial factor in restricting the patient's freedom in providing essential information to the doctor *306 for treatment. However, "[i]t is fairly well settled that confidentiality is essential to the conduct of successful psychiatric care." Law Revision Council Note to section 90.503 (1976). Thus, in order to encourage patients to seek treatment for mental and emotional conditions, the statute provided confidentiality of those communications. The section provides:
(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist....
(3) The privilege may be claimed by:
(a) The patient or the patient's attorney on the patient's behalf;
(b) A guardian or conservator of the patient.
§ 90.503, Fla.Stat. (2000). A "patient" is defined as "a person who consults, or is interviewed by, a psychotherapist for purposes of diagnosis or treatment of a mental or emotional condition ...." § 90.503(1)(b), Fla.Stat. (2000) (emphasis added). Under the general statutory definitions "[t]he word `person' includes individuals [and] children. ..." § 1.01(3), Fla. Stat. (2000) (emphasis added).
In Wray v. Department of Professional Regulation, 410 So.2d 960, 961 (Fla. 1st DCA 1982), the court held that the psychotherapist/patient privilege may be waived only by the patient or by someone acting on the patient's behalf. See also Arias v. Urban, 595 So.2d 230 (Fla. 3d DCA 1992). We therefore conclude that the daughter had a statutory privilege in the confidentiality of her communications with her psychotherapists.
The parents both assert that they can waive this claim for their child. In the instant case, it is questionable whether either or both parents are acting solely on their daughter's behalf in attempting to waive the privilege and obtain the records of confidential communications, when each has his or her own interests at stake in this lawsuit.
While there is no Florida authority that directly addresses this issue, we have found authority in other states operating under similar privilege statutes. In Nagle v. Hooks, 296 Md. 123, 460 A.2d 49 (1983), the court was asked to rule on who had the authority to waive the statutory psychiatrist/patient privilege of the child in a child custody proceeding. In connection with the husband's petition to modify custody, he sought to have the child's psychiatrist testify. However, the wife refused to consent to waive the statutory psychotherapist/patient privilege for the child. The intermediate appellate court affirmed the trial court's order which determined that only the parent with custody had the authority to assert the privilege. However, the supreme court granted certiorari and quashed the order.
Looking to the Maryland statute, which required the appointment of a guardian where a patient is incompetent to assert or waive the privilege, the court explained:
Certainly a minor under the age of 10 years would be incompetent to make such a decision. While the statute does not define "incompetent," we believe, in the context here, it's broad enough to encompass one under disability, as that term is generally understood.... It appears to us that the statute is mandatory, and, accordingly, the chancellor erred in refusing to appoint a guardian to act for the child regarding the assertion or waiver of privilege of nondisclosure pursuant to section 9-109. Although arguably the parent who pursuant to court order has custody of a child could qualify as [a guardian under the statute], it is patent that such custodial parent has a conflict of interest in acting on behalf of the child in asserting or waiving the privilege of nondisclosure. We believe that it is inappropriate in a continuing *307 custody "battle" for the custodial parent to control the assertion or waiver of the privilege of nondisclosure. In resolving custody disputes, we are "governed by what is in the best interest of the particular child and most conducive to his welfare...."
. . . .
Accordingly, we hold that when a minor is too young to personally exercise the privilege of nondisclosure, the court must appoint a guardian to act, guided by what is in the best interests of the child. We also hold that, in this event, the parents, jointly or severally, may neither agree nor refuse to waive the privilege on the child's behalf.

Id. at 51-52 (emphasis added). Accord, Bond v. Bond, 887 S.W.2d 558, 561 (Ky.Ct. App.1994).
In a dependency action in California, the intermediate appellate court held that a father was not entitled to access to communications between his child and a treating therapist where the father was accused of child molestation and the child was in therapy to deal with that issue. See In re Daniel C.H., 220 Cal.App.3d 814, 269 Cal. Rptr. 624 (1990). Dealing with a statute similar to the Florida privilege statute, the court noted that the privilege was personal to the patient, unless the patient is dead or has a guardian. See id. at 632. Although the statute does not specifically mention who holds the privilege when the child is a minor, "[c]ase law does suggest, however, that a minor child is entitled to the privacy granted by the privilege." Id. at 630. The court explained the need for confidentiality of the minor child's communications:
We believe that in a case such as this, where the father is accused of child molest [sic], and the child is in therapy, presumably to deal with the emotional aftermath of the alleged molest [sic], the accused parent should not be entitled to access to the communications made by the child to the therapist. The child has at stake a substantial privacy interest, and we can foresee substantial emotional harm to the child from a forced disclosure in these circumstances. For example, the child may fear the parent and consequently refuse to be open with the therapist for fear of disclosure to the parent.
Id. at 631.
Other courts have agreed that where the parents are involved in litigation themselves in which the child's mental state may be relevant, such as in a custody battle, the parents are not proper persons to assert or waive the privilege on behalf of the child. In State ex rel Wilfong v. Schaeperkoetter, 933 S.W.2d 407, 409 (Mo. 1996), the court stated:
Wilfong cannot waive the other children's privilege. "[A] parent, as natural guardian, would have the right to claim the privilege on behalf of his child when it would be to the best interests of the minor to do so." In Re M.P.S., 342 S.W.2d 277, 283 (Mo.App.1961) (emphasis added). However, "[w]here the privilege is claimed on behalf of the parent rather than that of the child, or where the welfare and interest of the minor will not be protected, a parent should not be permitted to either claim the privilege ... or, for that matter, to waive it." Id. See State v. Evans, 802 S.W.2d 507, 511 (Mo. banc.1991). Here, Wilfonga party to the suit individually and as Charles' parent and natural guardianmay not waive the privilege for her other children.
Thus, we conclude both from the plain meaning of our own statute, as well as the weight of authority from other jurisdictions, that a child has a privilege in the confidentiality of her communications with her psychotherapist. Where the parents are involved in litigation themselves over the best interests of the child, the parents may not either assert or waive the privilege on their child's behalf. This is particularly true in the instant case where the child, who is over seventeen years old, has the ability to obtain her own treatment *308 under the statute and has sufficient mental capacity to assert the privilege herself, as she has done here.
We find O'Keefe v. Orea, 731 So.2d 680 (Fla. 1st DCA 1998), relied upon by respondents, is inapposite. The court, without citation to authority, stated that "[i]mplicit in the parent's right to consent to proposed medical treatment for his minor or otherwise incompetent child, is the right to be fully informed concerning the child's condition and prognosis." Id. at 686. In O'Keefe, the mother sued the child's psychiatrist for failing to disclose to the parents information regarding the child's violent tendencies. The child, upon release from care, killed his father. No question of the child's privilege under the statute was raised. In fact, one could argue that under the circumstances in O'Keefe the privilege is waived pursuant to section 490.0147(3) because there was a "clear and immediate probability of physical harm... to other individuals ...," which authorizes the psychiatrist to communicate the danger to the appropriate family members.
Our conclusion that the child has a privilege which can be asserted, and which the parents cannot waive or assert for the child is limited to the facts of the case before us. Here, the parents are engaged in litigation, and each has a personal interest that could be in conflict with the child's interest in asserting the privilege. Further, just as the Maryland court noted in Nagle, the age of the minor is a factor which the court must look to in determining whether the child himself or herself can assert the privilege. A child less than twelve years old does not have the emotional maturity or capacity of a seventeen year old. A court faced with the child's desire to assert the privilege in such circumstances should determine whether the child is of sufficient emotional and intellectual maturity to make the decision on his or her own. If the court decides that the child is sufficiently mature, then the court should appoint an attorney ad litem to assert the child's position, as the court did here.
In the instant case, the daughter is almost a legal adult. In five months, she will not only be able to assert the privilege herself, but the entire custody issue with respect to her will be moot. Unless one of the statutory exceptions to the privilege applies, the daughter is entitled to assert the statutory privilege of confidentiality of her communications.

II. No Waiver of Privilege
The psychotherapist/patient privilege has limitations and may also be waived. Pursuant to section 90.503(4)(c) there is no privilege:
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense.
Despite the parents' arguments to the contrary, this exception does not apply as the child is not a party to these proceedings. Florida Family Law Rule of Procedure 12.210 provides:
Parties to an action ... shall be governed by Florida Rule of Civil Procedure 1.210, except that rule 1.210 shall not be read to require that a child is an indispensable party for a dissolution of marriage or child custody proceeding.

(Emphasis added). Rule 1.210 also does not make a child a party.
In Arias v. Urban, 595 So.2d 230 (Fla. 3d DCA 1992), the parents and their minor child were sued for injuries caused by the minor child. The complaint alleged that the parents were negligent in the supervision of their child, which the parents denied. During discovery, the plaintiff subpoenaed psychotherapist records of the minor, to which the defendants objected. The court held that allowing the discovery of those records was a violation of the *309 minor's confidential privilege, because the minor did not authorize anyone to waive his privilege. See id. at 232. In addition, the court pointed out that the minor was not relying on his condition as an element of his claim or defense to the action, negating a waiver under section 90.503(4)(c). Thus, the court made a distinction between those claims and defenses that were being made by the parents and those made by the minor. Similarly, in this action, the child is not a party and is pursuing no claims or defenses.
We conclude that this statutory exception to the assertion of the privilege does not apply nor are any other exceptions relevant.

III. Best Interests of the Child
Pursuant to section 61.13(2)(a), the court shall determine all matters pertaining to custody of minor children according to their "best interest." That best interest calculation "shall include an evaluation of all factors affecting the welfare and interests of the child, including, but not limited to: ... [t]he love, affection, and other emotional ties existing between the parents and the child[,] ... [t]he mental... health of the parents[,] ... [and][e]vidence of ... child abuse ...." § 61.13(3)(b), (g), and (l), Fla.Stat. (2000). However, the statute contains no evidentiary standards. Instead, the psychotherapist/patient privilege is recognized to apply in dissolution of marriage proceedings involving child custody issues. See, e.g., McIntyre v. McIntyre, 404 So.2d 208 (Fla. 2d DCA 1981). While the parents assert the need of the trial court for information necessary to decide the child custody issue, the trial court may not ignore the rules of evidence. Indeed, even if we could somehow construe section 61.13 as a general authority for the court to gather all evidence necessary to decide the issue, purely on statutory construction principles, the specific privilege allowed under the evidence code would prevail over any general grant of authority under the dissolution statute. See McKendry v. State, 641 So.2d 45 (Fla.1994); Butterworth v. X Hospital, 763 So.2d 467 (Fla. 4th DCA 2000).
In a dissolution proceeding where custody is disputed, a party does not waive confidentiality of mental health treatment and make his or her mental health an "element of his claim or defense" simply by requesting custody. McIntyre, 404 So.2d at 209. Only in situations where calamitous events such as an attempted suicide occur during a pending custody dispute have courts found that the mental health of the parent is sufficiently at issue to warrant finding no statutory privilege exists. See Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984); Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977). Otherwise, the courts have instructed that the more appropriate method of securing the necessary information regarding the parent's psychological state to aid in determining the best interest of the child is to require an independent psychological or psychiatric examination of the parent or parents. In this way, the trial court obtains essential information without interfering with the psychotherapist/patient confidentiality privilege. See Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992).
Certainly, the evidence of the child's relationship with her father is important in determining what is in the best interest of the child and whether to award primary physical residence to the father. Through the appointment of the psychologist and evaluator the court can obtain information regarding this relationship without abrogating the privilege and invading the seventeen year old daughter's most private communications. Indeed, the daughter was evaluated by the psychologist and the custody evaluator and told both of them of the sexual abuse by the father. This provided the evaluator and the psychologist with important information regarding the child's relationship with her father and, we presume, the child's present mental state with respect to her relationship with both *310 parents. Neither the custody evaluator nor the psychologist could articulate a specific need for the reports of the child's psychotherapist based upon their evaluation of the child. The psychologist simply expressed a desire to be thorough and to make the best evaluation possible. In fact, he even noted that he did not know whether the records would provide any information of relevance other than what he already had. The custody evaluator merely wanted the records because she had never done an evaluation without receiving all such records. We do not think that the patient/psychotherapist privilege should be overcome simply to satisfy the routine practice of the evaluator and psychologist.
Although the court limited the release of the records to the psychologist and custody evaluator, this would pose serious issues with respect to the rights of the parties. Opinions of the psychologist and evaluator which were in any way based on their review of these confidential materials could not be adequately examined at trial if the parents were not given access to the same records. Moreover, under section 90.705(1) an expert testifying to an opinion may be required, on cross-examination, to reveal the underlying facts and data upon which the opinion is based. Therefore, the expert could not rely on confidential psychotherapist/patient communications without revealing them to the parties and the court.
We recognize the tension apparent in the law between the rights and responsibilities of parents and the rights of children. Certainly, to promote strong families, parents should be involved and active in the lives of their children, including their health care, for which the parents are held responsible. Unfortunately, sometimes the parents are the cause of abuse, both emotional and physical, of their children. Allowing parents complete access to their children's health care records under all circumstances may inhibit the child from seeking or succeeding in treatment. The tension between the child's need for confidentiality and privacy to promote healing may conflict with the need of the court for information to inform its judgment as to the child's best interest. We commend to the legislature a more comprehensive review of the substantial policy issues which are raised by this case.
The petition is granted, and the order authorizing release of the records to the psychologist and evaluator is quashed.
DELL and FARMER, JJ., concur.
NOTES
[1] We reject the contention of the mother that we have no jurisdiction to consider this issue. She relies on Perez v. Perez, 769 So.2d 389 (Fla. 3d DCA 1999), rev. denied, 763 So.2d 1044 (Fla.2000), in which the third district suggested that there was no proper role for a guardian ad litem, who is appointed by a court as a fact finder in dissolution proceedings, to request appellate review. However, in this case, it is the attorney ad litem, who was appointed for the very purpose of protecting any privilege the minor child might have. Section 61.401, Florida Statutes (2000), clearly distinguishes between guardians ad litem and legal counsel for the child.
[2] See § 744.301(1), Fla.Stat. (1999).
[3] See § 394.451-.4789, Fla.Stat. (2000).