IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PUBLIX SUPER MARKETS, INC.,

      Petitioner,

 v.

                                Case No.  5D21-1813
                                LT Case No. 2019-CA-01230-O

TANIA MOLINA,

      Respondent.

_____/

Opinion filed April 8, 2022

Petition for Certiorari Review of Order from
the Circuit Court for Orange County,
Reginald K. Whitehead, Judge.

Diane G. DeWolf and Katherine E.
Giddings, of Akerman, LLP,
Tallahassee, for Petitioner.

Kristin A. Norse, Stuart C. Markman,
and Brandon K. Breslow, of Kynes,
Markman & Felman, P.A., Tampa,
for Respondent.

PER CURIAM.

Petitioner, Publix Super Markets, Inc., seeks certiorari review of the trial court's order sustaining objections to much of Publix's discovery that sought to reveal and document any potential financial bias held by the health care providers who treated Respondent, Tania Molina. More specifically, Publix's discovery requests that were barred focused on whether there were any ongoing financial relationships between the health care providers and the law firm representing Molina or referral/financial relationships among the health care providers themselves. The trial court's order sustained many of the objections raised by Molina in response to several identical notices of taking deposition duces tecum directed to Molina's health care providers. None of the health care providers objected to Publix's discovery. None of the discovery asked whether Molina had been referred for treatment by her lawyers. Because Publix has failed to demonstrate that it lacks an adequate remedy on plenary appeal, we are compelled to dismiss the petition.

<u>Molina's Medical Treatment</u>

Molina sued Publix for personal injuries she allegedly sustained when her vehicle collided with a vehicle owned by Publix and operated by one of its employees. She received medical treatment from the five healthcare providers to whom Publix directed its identical notices of deposition duces

2

tecum. At least one of those health care providers treated her pursuant to a letter of protection ("LOP") despite the fact that she had available insurance.

### The Discovery That Was Prohibited By Trial Court

Each of the five identical deposition notices set forth eleven topics of testimony that would be covered in the deposition, along with seven categories of documents each health care provider was requested to bring to the deposition. Molina initially objected to every topic and every document request. The primary basis for Molina's objections was her claim that the discovery sought confidential attorney-client communication, further asserting that *Worley v. Central Florida Young Men's Christian Ass'n,* 228 So. 3d 18 (Fla. 2017), prohibited such discovery.[1] As additional grounds, Molina objected to the discovery as being unduly and financially burdensome, irrelevant, seeking to access the health care providers' trade secrets, and in violation of allowable discovery. Molina did not offer any proof of a financial or other burden nor of protected trade secret information likely to be disclosed if the discovery were to be allowed.

After hearing argument, the trial court issued an unelaborated order that simply stated which objections were sustained and which were

---

[1] We do not reach the merits of Molina's objections or the trial court's rulings as we are dismissing the petition based on a lack of jurisdiction.

3

overruled. The court's order ruled that Molina's objections to the following deposition topics and document requests were sustained:

**SECTION A: TOPICS TO BE COVERED IN DEPOSITION**

. . . .

5. Percentage of practice treating patients using LOPs [letters of protection] in the past 3 years.

6. Percentage of practice treating patients involved in personal injury claims/lawsuits in the past 3 years.

7. Information as to how you seek recompense, if at all, from LOP patients if the patient does not recover any and/or a sufficient amount to pay LOP at conclusion of civil matter.

8. Statistics as to how much (percentage-wise) you collect on average on LOP amounts owed over the last 3 years.

9. Relationship with Morgan & Morgan Law Firm [Molina's lawyers] and its lawyers and staff, including but not limited to the number of patients referred, if any, by that law firm and its staff to your practice in the last 3 years.

. . . .

11. Relationship, if any, between medical providers and facilities involved in Tania Molina's treatment.

**SECTION B: DOCUMENTS TO BRING**

. . . .

5. Any communication with Morgan & Morgan Law Firm, including its attorneys, paralegals and administration, related to the treatment or payment for treatment for Tania Molina or the ongoing litigation.

4

. . . .

7. Payment ledger, 1099 forms, or other documents reflecting the total amount of money paid to [Provider] in the past 3 years by Morgan & Morgan, P.A.

Certiorari Jurisdiction

Certiorari is an extraordinary remedy. *Moore v. State*, 135 So. 3d 462, 463 (Fla. 5th DCA 2014). When conducting certiorari review of a nonfinal order, the district court must determine whether (1) the lower court departed from the essential requirements of the law; (2) the petitioner will suffer a material injury for the rest of the case; and (3) there is no adequate remedy on post-judgment appeal. *See Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing *Allan & Conrad, Inc. v. Univ. of Cent. Fla.*, 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)). The last two requirements are frequently referred to as "irreparable harm." *Id.* (citing *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012)).

Irreparable harm is jurisdictional and must be found before a court may even consider whether there has been a departure from the essential requirements of law. *Marrero v. Rea*, 312 So. 3d 1041, 1047 (Fla. 5th DCA 2021) (citing *O'Neill v. O'Neill*, 823 So. 2d 837, 839 (Fla. 5th DCA 2002)). "Only if the petition demonstrates clearly that the appellate court has

5

jurisdiction by virtue of irreparable harm not correctable on plenary appeal will the court move on to the question of whether the trial court departed from the essential requirements of law." *Id.* (citing *AVCO Corp. v. Neff*, 30 So. 3d 597, 601 (Fla. 1st DCA 2010); *O'Neill*, 823 So. 2d at 839).

Certiorari is rarely available to review orders denying discovery. *See Beekie v. Morgan,* 751 So. 2d 694, 698 (Fla. 5th DCA 2000). In general, "trial court orders refusing to compel discovery [or sustaining objections to discovery] are not reviewed by certiorari because it is believed any harm caused by the denial can be adequately remedied on appeal from the final order." *Id.* "An adequate remedy [on appeal] does not mean an immediate, convenient, or economical remedy." *Bill Kasper Const. Co. v. Morrison*, 93 So. 3d 1061, 1063 (Fla. 5th DCA 2012) (Torpy, J., concurring) (internal citation omitted). "An adequate remedy simply means that a plenary appeal can cure the error." *Id.*

Here, Publix has failed to demonstrate irreparable harm because any error in the trial court's discovery order can be addressed on plenary appeal, subject to the harmless error test. *See Palmer v. WDI Sys., Inc.*, 588 So. 2d 1087, 1088 (Fla. 5th DCA 1991) ("If, on plenary appeal, the denied discovery is deemed to be within the scope of permissible discovery, the petitioners will have an adequate remedy."); *Special v. West Boca Med. Ctr.,* 160 So. 3d

1251, 1253 (Fla. 2014). Furthermore, we reject Publix's argument that the order "effectively eviscerates" its defense on the bias issue. To the contrary, the trial court permitted discovery of certain financial relationship discovery, including discovery as to any relevant letters of protection. *See Marrero*, 312 So. 3d at 1048.

Based on the foregoing, we conclude that Publix does have a legally adequate remedy on appeal. Accordingly, we lack jurisdiction to further analyze the subject petition for the extraordinary writ of certiorari and the underlying order. We dismiss the petition.

PETITION DISMISSED.

COHEN, EDWARDS and SASSO, JJ., concur.