# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2026-0954
LT Case No. 2001-CF-000946-A

———————————————

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Petitioner,

    v.

KENNETH WILLIAMS, JR., AND
STATE OF FLORIDA,

    Respondents.

———————————————

Petition for Certiorari Review of Order
from the Circuit Court for Citrus County,
Joel D. Fritton, Judge.

Logan Bartholomew, Assistant Regional Counsel, of Department
of Children and Families, Orlando, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and Zachary L.
Wiseman, Assistant Attorney General, Daytona Beach, for
Appellee, State of Florida.

No Appearance for Remaining Respondents.


May 8, 2026


HARRIS, J.

The Department of Children and Families ("DCF") filed a petition for writ of certiorari seeking to quash the lower court's order committing Kenneth Williams, Jr. ("Williams") to its care. As conceded by the State, the lower court did not follow the statutory requirements for committing Williams to DCF custody. Accordingly, we grant the petition and quash the order of commitment.

On May 21, 2002, Williams was adjudicated guilty of lewd or lascivious battery and placed on probation. Five months later he was charged with a violation of his probation. He was ultimately found not guilty by reason of insanity and committed to DCF custody.

On June 27, 2025, DCF reported to the lower court that Williams no longer met the criteria for commitment pursuant to section 916.15(2), Florida Statutes, and recommended that Williams be placed on conditional release pursuant to section 916.17, Florida Statutes. On July 22, 2025, the court placed Williams on conditional release.

Shortly thereafter, Williams' case manager wrote an unsworn letter to the court stating that Williams failed to comply with the terms of his conditional release. Williams was also temporarily held pursuant to the Baker Act (Chapter 394, Florida Statues).

Williams' counsel filed a motion to appoint a mental health expert to evaluate Williams, and on December 12, 2025, the court granted the motion. The appointed expert, Dr. Harry Krop, Ph.D., authored a report following his evaluation of Williams. Dr. Krop opined that Williams was competent to proceed and made no mention of Williams being a danger to himself or others. Dr. Krop further opined that Williams did not meet criteria for involuntary commitment to a forensic or civil State hospital. Despite Dr. Krop's evaluation and opinions, the court entered an order committing Williams to DCF pursuant to section 916.15(2), Florida Statutes, which requires a finding that a defendant is "manifestly dangerous to himself or herself or others." § 916.15(2), Fla. Stat. The court's order contains no finding that Williams presents a danger to

himself or others. DCF then filed the instant petition for writ of certiorari seeking to quash the lower court's order committing Williams to its custody.

To demonstrate entitlement to certiorari relief, the petitioner must show the following: (1) the trial court departed from the essential requirements of the law when it issued a ruling, (2) the ruling resulted in a material injury that will continue throughout the case, and (3) the injury cannot be corrected on post-judgment appeal. *Dep't of Child. & Fams. v. Campbell*, 295 So. 3d 868, 870 (Fla. 5th DCA 2020). The last two prongs are referred to as "irreparable harm." *State v. Victorino*, 372 So. 3d 772, 777 (Fla. 5th DCA 2023). For this Court to have jurisdiction, the petitioner must demonstrate irreparable harm. *Id.* "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." *Dep't of Child. & Fams. v. Despaigne*, 348 So. 3d 1221, 1222 (Fla. 5th DCA 2022) (quoting *Dep't of Child. & Fams. v. Lotton*, 172 So. 3d 983, 985 (Fla. 5th DCA 2015)).

Once the petition demonstrates that the appellate court has jurisdiction by virtue of irreparable harm, the Court may move on to the question of whether the trial court departed from the essential requirements of law. *See AVCO Corp. v. Neff*, 30 So. 3d 597, 601 (Fla. 1st DCA 2010); *O'Neill v. O'Neill*, 823 So. 2d 837, 839 (Fla. 5th DCA 2002). An error of law is not necessarily a departure from the essential requirements of law. *See, e.g., Rich v. Fisher*, 655 So. 2d 1149 (Fla. 4th DCA 1995). The district courts should grant a petition for certiorari only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. *See Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523 (Fla. 1995).

This Court has found that irreparable harm exists in circumstances similar to the instant petition. Specifically, this Court has held that DCF suffers a material injury because "it is responsible for expending its appropriated funds in accordance with the laws governing the agency and . . . because DCF has no direct right of appeal." *Campbell*, 295 So. 3d at 870; *Dep't of Child. & Fams. v. Kirshner*, 380 So. 3d 502, 504 (Fla. 5th DCA 2024). Furthermore, because this is a criminal proceeding, DCF will not

3

be a party in any post-judgment appeal and cannot obtain relief pursuant to that appeal. Therefore, DCF has established irreparable harm.

In turning to whether the court departed from the essential requirements of law, we first look at the plain text of section 916.17(2), Florida Statutes, which states:

> Upon the filing of an affidavit or statement under oath by any person that the defendant has failed to comply with the conditions of release, that the defendant's condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court shall hold a hearing within 7 days after receipt of the affidavit or statement under oath. After the hearing, the court may modify the release conditions. The court may also order that the defendant be returned to the department if it is found, after the appointment and report of experts, that the person meets the criteria for involuntary commitment under s. 916.13 or s. 916.15.

In this case, neither an affidavit nor a statement under oath was filed with the lower court, which is a prerequisite to the court's ability to revoke a defendant's conditional release and commit the defendant to DCF custody. The letter sent to the court from Williams' case manager was neither sworn nor in the form of an affidavit. Therefore, the lower court erred in holding a hearing to consider modification of Williams' release and ultimately committing him to the department. As we noted in *Kirshner*, "the violation of the procedural requirements of section 916.17 here constituted a departure from the essential requirements of law because it results in DCF having to expend funds to care for and treat an individual who may not qualify for commitment." 380 So. 3d at 505 n.3.

DCF further argues that the lower court departed from the essential requirements of the law when it failed to comply with section 916.15(2), which requires that the court make findings that

4

the defendant "has a mental illness and, because of the illness, is manifestly dangerous to himself or herself or others." We agree that there was no evidence presented below, and no finding by the court, that Williams is manifestly dangerous, especially given Dr. Krop's opinion that Williams "does not meet criteria for involuntary commitment to a forensic or civil State hospital." Therefore, the lower court erred in committing Williams to DCF custody.

Because the court not only failed to follow the requirements of section 916.15(2), but also failed to follow the requirements of section 916.17(2), we grant the petition and quash the lower court's order.

PETITION GRANTED; ORDER QUASHED.

WALLIS and SOUD, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____