**Leroy LADSON, Plaintiff,**

v.

**ULLTRA EAST PARKING CORP.,
et al., Defendants.**

Nos. 92 Civ. 0147(LAK), 92 Civ. 0440(LAK), 92 Civ. 4894(LAK), 95 Civ. 3015(LAK) and 95 Civ. 3065(LAK).

United States District Court,
S.D. New York.

Feb. 6, 1996.

---

Rowan D. Wilson, Cravath, Swaine & Moore, New York City, for Plaintiff.

Dennis A. Lalli, Kauff, McClain & McGuire, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, by letter, seeks the discovery of personnel files of present and former garage attendants and supervisors employed by defendants and/or business entities they control. Defendants have opposed this request by letter. The Court heard argument in a telephonic conference last week. The parties have been unable to resolve the dispute.

The plaintiff in these cases alleges that he was fired on the basis of his race and age and that his employer bribed the union to which he belonged in order to convince the union to comply with the defendants' plan to terminate black and older employees. Three union officials have pleaded guilty to corruption charges. Those charges, however, antedate those at issue here by a number of years.

▉ The defendants resist discovery of the personnel files, offering instead to provide the names, race (if known to defendants), dates of birth, dates of hire, and dates of and reasons for termination (where applicable). They resist production of the files themselves on the grounds that such production would be unnecessary and would invade the privacy rights of their employees.

▉ As persuasive authority for their privacy claim defendants offer *Chevron Corp. v. San Francisco Superior Court*, No. A071595 (Cal.Ct.App. Jan. 29, 1996) (unpublished decision).[1] That decision appears, however, to rest on a privilege extended to personnel

records by the California Constitution and therefore clearly is inapposite. Defendants characterize the decisions in *Peterson v. City College of the City Univ. of New York*, 160 F.R.D. 22 (S.D.N.Y.1994), and *Weinstock v. Columbia Univ.*, No. 95 Civ. 0569(JFK) (RLE), 1995 WL 567399 (S.D.N.Y. Sept. 26, 1995), as requiring an enhanced threshold showing of relevance in order to compel production of personnel files, rather than as requiring only a likelihood of leading to relevant evidence. *Peterson*, however, clearly states that the requests for production involved there were "granted in that they *will prove relevant* to Plaintiff's claims *if* they show a pattern of preferential treatment ..." 160 F.R.D. at 24 (emphasis added). The courts in both *Peterson* and *Weinstock* discussed at length the question of production of personnel information, but only in the context of granting discovery over attempts to invoke a privilege for deliberative processes related to tenure decisions in academic settings. No such invocation is attempted here and, in any event, both courts rejected the claimed privilege and granted the requested discovery.[2]

The defendants claim also that the production sought is unnecessary in light of their willingness to provide important information from the personnel files, rather than producing the files themselves, which may, concededly, contain irrelevant material. Defendants do not however, claim that production of the files would be more burdensome than supplying the information that they have already offered instead. The Court is not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive. Defendants rely on *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir.1990), a racial discrimination case which held that the trial court had not abused its discretion by refusing to require production of the Santa Ana Police Department's personnel files. That case, however, concluded that the defendants would not be required to

---

1. More accurately, defendants offer a summary of the California Court of Appeal's decision published by the Bureau of National Affairs.

2. Legitimate privacy concerns exist with regard to personnel files. Such concerns, however, can be addressed by means short of restricting the

scope of discovery. The Court has signed a protective order dated February 6, 1996, applicable to all documents produced in the course of this litigation that the supplying party designates 'confidential.'

378

produce the files where the information sought by the plaintiff was already available from the EEOC. 936 F.2d at 1034. *Sanchez* differs significantly from this case in that defendants ask that plaintiff be required to rely on information provided not by a government investigative agency but by the defendants themselves.

■ Finally, defendants contend without explanation that the personnel files of current employees could not possibly lead to the discovery of admissible evidence. The Court is at a loss to see why current employees' files might not provide information about hiring and promotion that could be relevant or could lead to the discovery of relevant evidence. All that must be shown is that the discovery requested possibly might be relevant, *Henderson v. National R.R. Passenger Corp.*, 113 F.R.D. 502, 506 (N.D.Ill.1986), or is reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.PROC. 26(b)(1); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1342–43 (5th Cir.1978). Moreover, the Court must bear in mind the Supreme Court's direction that civil discovery rules are to be construed liberally in Title VII cases in order to provide the plaintiff with "broad access to employers' records." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657, 109 S.Ct. 2115, 2125, 104 L.Ed.2d 733 (1989). Guided by these principles, the Court hereby orders that defendants are to produce the personnel files of current and former garage attendants and garage supervisors employed by defendants or by business entities controlled by defendants.

SO ORDERED.