829 So.2d 966 (2002)
Deidra BERGMANN, D.O., General Surgical Associates, Inc., and Tenet Healthsystems Hospitals, Inc., a Foreign Corporation d/b/a West Boca Medical Center, Petitioners,
v.
Danielle FREDA and Robert Soricelli, as co-Personal Representatives of the Estate of Denise Freda, Leslie Jacob, M.D., Gastroenterology & Advanced Endoscopy Consultants, P.A., David Margolis, M.D., David Margolis, M.D., P.A., West Boca Medical Center, Inc., Respondents.
No. 4D02-2292.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Nancy W. Gregoire, Mary S. Lingerfeldt and John A. Campbell of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Ft.Lauderdale, for petitioners Diedra Bergmann, D.O. and General Surgical Associates, Inc.
James C. Sawran and Stephen A. Diamond of McIntosh, Sawran, Peltz & Cartaya, P.A., West Palm Beach, for petitioner Tenet Healthsystems Hospitals, Inc.
Peter M. Bernhardt, Kerri C. Smith and Justus W. Reid of Reid, Metzger & Bernhardt, P.A., West Palm Beach, for respondents Danielle Freda and Robert Soricelli.
PER CURIAM.
Petitioner, Deidra Bergmann, D.O., seeks review of an order that requires her to produce her staff privileges application and personal medical records. We grant relief in part and remand for further proceedings with respect to Dr. Bergmann's personal medical records. See Rasmussen v. South Fla. Blood Serv., Inc., 500 So.2d 533, 536-37 (Fla.1987).
Dr. Bergmann is the defendant in a medical malpractice action. Through discovery plaintiffs learned that Dr. Bergmann is no longer performing surgical procedures, due to a disability caused by an injury and surgery to her left hand following a fall.
At issue is plaintiffs' request for any and all medical records pertaining to Dr. Bergmann's injury, including any applications for disability. The record before us reflects that Dr. Bergmann's fall postdated the medical negligence alleged.
We grant relief on this point as the record does not demonstrate a link between the medical negligence cause of action and Dr. Bergmann's "disability" such that her private medical records should be produced. The case is remanded for the trial court to conduct an in camera review of the medical records to determine whether there is good cause for disclosure, such that the need for the information outweighs the possible harm to Dr. Bergmann. *967 See e.g. H.J.M. v. B.R.C., 603 So.2d 1331 (Fla. 1st DCA 1992).
TAYLOR, HAZOURI and MAY, JJ., concur.