WARNER, J.
 

 Petitioner, Shane P. McEnany, the defendant in a personal injury action, seeks certiorari review of two non-final orders of the trial court which denied his objections to the personal injury plaintiffs motion to compel production of his medical records. We grant the petition, as no nexus between the accident and most of petitioner’s medical records was shown, yet the court failed to conduct an
 
 in camera
 
 inspection of the records.
 

 Respondent, Robert Ryan, filed an action for negligence against petitioner as a result of an automobile accident. Petitioner filed a counterclaim for personal injury damages. After the counterclaim was filed, respondent propounded interrogatories to petitioner which asked about his medical history, including doctors he may have seen in the past. Petitioner then voluntarily dismissed his counterclaim but answered the interrogatories, listing the various doctors and reserving his objection to relevancy.
 

 At his deposition, respondent’s counsel asked about several doctors listed in petitioner’s answer to interrogatories. Petitioner testified that in the years prior to the accident he had seen one doctor for a broken hand; a neurologist whom he had seen most of his life and who had prescribed Ritalin for attention deficit disorder; and a plastic surgeon who treated him for acne in his youth. He also listed his admission to Broward General Hospital on the date of the accident.
 

 Respondent filed a request for production of petitioner’s medical records. The original request does not appear in the appendices, nor does petitioner’s objection to the request. What does appear is the trial court’s order compelling him to produce only the records from Broward General Hospital where petitioner was taken after the accident. It appears that those records were produced.
 

 Nine months later, respondent moved for reconsideration of the order limiting production to the Broward General records. In the motion, he noted that in his deposition petitioner had denied being on Ritalin at the time of the accident, but some notations in the hospital records referenced Ritalin. Further, other discovery revealed the presence of open beer bottles in the vehicle petitioner was driving at the time of the accident. Noting the well-known contraindications of taking Ritalin and drinking alcohol, respondent sought to obtain discovery from all of petitioner’s other health care providers and pharmacies to determine who prescribed the drug, whether petitioner had filled the prescription and was taking it, and whether any physician had advised him against using the drug while consuming alcohol. No physician or pharmacy was mentioned in the motion to compel.
 

 At the hearing on the motion, petitioner objected to the production of the records. His counsel maintained that there was no evidence of alcohol consumption, and the Broward General records which showed that petitioner had a prescription for the drug were inconclusive as to whether he was taking it on the day of the accident. The trial court, however, granted the motion to reconsider. While the court briefly discussed allowing a confidentiality provision in the order, the signed order simply granted the motion for reconsideration.
 

 Immediately after the order was entered, respondent filed notices of subpoenas duces tecum for the hand surgeon, the neurologist, and the plastic surgeon, as
 
 *247
 
 well as another subpoena for Broward General and another hospital where he had surgery for his broken hand. Each of these subpoenas required the doctors to produce their medical records. Petitioner filed an objection, and the court held a hearing on the objections. He claimed that the subpoenas invaded his right of privacy in his medical records. His medical condition years prior to the accident would not be relevant to the accident. Further, petitioner maintained that there must be an
 
 in camera
 
 inspection to prevent the dissemination of private information having no nexus to the accident. Believing that it had ordered confidentiality, the court denied the request for
 
 in camera
 
 inspection and overruled the objections. It did not include any provisions for confidentiality in the written order. It is from these orders that petitioner requests cer-tiorari review.
 

 Certiorari lies when there is a departure from the essential requirements of law which will materially injure the petitioner throughout the remainder of the proceedings, which cannot be remedied adequately on appeal.
 
 See Bared & Co. v. McGuire,
 
 670 So.2d 153, 156 (Fla. 4th DCA 1996). Because there is a right to privacy in one’s medical records, the right to discovery in a legal proceeding must be balanced against the individual’s competing privacy interests to prevent an undue invasion of privacy:
 

 A person’s medical records implicate the right to privacy guaranteed by our constitution.
 
 State v. Johnson,
 
 814 So.2d 390, 393 (Fla.2002) (citing art. I, 23, Fla. Const.). Court orders compelling discovery of personal medical records constitute state action that may impinge on the constitutional right to privacy.
 
 Berkeley v. Eisen,
 
 699 So.2d 789, 790 (Fla. 4th DCA 1997).
 

 Barker v. Barker,
 
 909 So.2d 333, 337 (Fla. 2d DCA 2005).
 

 Florida Rule of Civil Procedure 1.280 provides generally that parties may obtain discovery of any matter so long as it “appears reasonably calculated to lead to the discovery of admissible evidence.” Fla. R. Civ. P. 1.280(b)(1). In this case, whether defendant was impaired by a mixture of the drug Ritalin and alcohol at the time of the accident would be a relevant issue. Determining whether petitioner had a current prescription for Ritalin seems to us to be relevant to that inquiry.
 

 It is equally apparent to us, however, that most of the medical records sought likely have no relevance to that inquiry, and no link was shown at the hearing. The records of the surgeon who operated on petitioner’s broken hand prior to the accident, and the records of the plastic surgeon who treated him for acne seem to be completely unrelated. Moreover, while the neurologist’s present records may be relevant to determine whether that doctor had prescribed Ritalin, producing all of the records of this doctor who had seen petitioner since the age of six would not be relevant. Therefore, petitioner’s privacy right to his medical records must be protected against unwarranted intrusion.
 

 As in
 
 Bergmann v. Freda,
 
 829 So.2d 966 (Fla. 4th DCA 2002), we grant the writ. Because respondent has not shown the link between most of the subpoenaed physician records and petitioner’s medical condition and drug ingestion on the date of the accident, an
 
 in camera
 
 inspection of the records is warranted to protect petitioner’s privacy rights in his medical records and “to determine whether there is good cause for disclosure, such that the need for the information outweighs the possible harm to [petitioner].”
 
 Id.
 
 at 966.
 

 The trial court denied petitioner’s request for an
 
 in camera
 
 inspection, mainly because of the burden it would place on
 
 *248
 
 the court, whose exploding docket provides little time for such review. We can sympathize with the difficulty that such reviews pose for busy trial judges. Nevertheless, the protection of privacy interests is a significant constitutional issue, and despite the burden, it appears that it is the only way to protect a needless invasion of privacy. We might suggest, however, that the court could significantly limit its review by requiring a further showing of what records might lead to discoverable evidence. Certainly, the records of the hand surgeon, the plastic surgeon, and most of the records of the neurologist would have no bearing on the question of whether the petitioner was taking Ritalin on the date of the accident. By eliminating those records which aren’t likely to lead to the discovery of admissible evidence, the court can substantially reduce, or even eliminate, its burden of inspection.
 

 Petition granted and order quashed with instructions to conduct further proceedings consistent with this opinion.
 

 HAZOURI and DAMOORGIAN, JJ., concur.