PER CURIAM.
The defendant in a personal injury action seeks a writ of certiorari as to an order directing him to respond to interrogatories and produce medical records going back ten years. The defendant asserted a right to privacy in the medical records, and requests the order be quashed in its entirety, based on this Court’s decision in McEnany v. Ryan, 44 So.3d 245 (Fla. 4th DCA 2010). We grant the petition for writ of certiorari, and remand the matter to the trial court for reconsideration.
The plaintiff filed a lawsuit alleging the defendant was negligent in driving his vehicle into the rear end of plaintiffs vehicle. The plaintiff had braked her vehicle due to an emergency vehicle unexpectedly entering the intersection. The defendant admitted in pretrial interrogatories that he had suffered dementia and brain tumors sometime prior to the date of the accident, but he disclaimed any such infirmities at that time. When defense counsel subsequently cancelled a scheduled pretrial deposition due to the defendant presumably suffering a stroke, the plaintiff moved the trial court to order the defendant to both answer further interrogatories, and to allow respondent to subpoena medical and other records concerning the defendant’s health for the last ten years. After a hearing, the trial court granted the plaintiffs request, issuing an order directing the defendant to comply within thirty days. The defendant then sought certiorari relief in this court.
To be entitled to issuance of a writ of certiorari, the defendant must show irreparable harm that cannot be remedied on plenary review. Additionally it must be established that the order departed from the essential requirements of law. Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011); Katzman v. Rediron Fabrication, Inc., 76 So.3d 1060, 1062 (Fla. 4th DCA 2011). Where, as here, the opposing party to a lawsuit seeks medical or other records implicating the constitutionally-recognized right to privacy, a finding of irreparable harm not curable on appeal is justified. Friedman v. Heart Inst, of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.0003). Therefore, this Court has jurisdiction to consider petitioner’s request for writ of certiorari.
We find the order departed from the essential requirements of law because when a party challenges a discovery order concerning material to which the party asserts his or her constitutional right to privacy, the trial court must conduct an in camera examination to determine the relevance of the materials to the issues raised or implicated by the lawsuit. Bergmann v. Freda, 829 So.2d 966, 967 (Fla. 4th DCA 2002); see also Friedman, 863 So.2d at 194.
Based on the pleadings and course of discovery, the portion of the petitioner’s medical records relating to his current ability to recall events from the accident *699 appears to be relevant. See Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 578, 575 (Fla.2001); Eppler v. Tarmac Am., Inc., 752 So.2d 592, 595-96 (Fla.2000); Bridges v. Speer, 79 So.2d 679, 681 (Fla.1955); Sorel v. Koonce, 53 So.3d 1225, 1227-28 (Fla. 1st DCA 2011); Abreu v. F.E. Dev. Recycling, Inc., 35 So.3d 968, 969 (Fla. 5th DCA 2010). However, the full extent to which the medical records are relevant can be determined only after the trial court examines the records in camera and allows the parties to argue relevance at a new hearing. McEnany, 44 So.3d at 247-48. The trial court’s order must also provide for limited access to the records disclosed so as to protect petitioner’s constitutional and statutory rights to privacy of the records. See Estate of Carrillo v. F.D.I.C., 2012 WL 1831596, at *4 (S.D.Fla.2012).

Petition granted; order vacated; and case remanded with directions to conduct further proceedings consistent with this opinion.

MAY, C.J., GROSS and CIKLIN, JJ., concur.