PALMER, J.
Bright House Networks, LLC, filed a petition seeking certiorari relief from the trial court’s discovery order compelling it to produce the personnel file of its former employee, Paul Walker. We grant the petition, concluding that the trial court departed from the essential requirements of law by requiring the production of the *295 entire personnel file without first conducting an in camera review.
Gary and Jennifer Rout filed an automobile negligence action against Bright House and Walker after the couple sustained injuries when Walker, while driving a Bright House van, rear-ended their vehicle. The Routs served on Bright House a request to produce Walker’s personnel file. Bright House objected on the grounds that the file contained irrelevant information and that production of the entire file would reveal Walker’s confidential information and thus violate his privacy rights.
The Routs filed a motion to compel. At a hearing held on the motion, the Routs argued that information in Walker’s file was discoverable because it might support claims for negligent entrustment, negligent hiring, and/or negligent retention. Further, they argued that the information might aid them in locating Walker to effectuate service of process. Bright House again objected on relevancy grounds, but properly conceded that it lacked standing to assert Walker’s privacy rights.
Without conducting an in camera inspection, the trial court entered an order compelling the production of Walker’s entire file, holding that the documents in the file were clearly relevant to the subject matter of the lawsuit. This petition timely followed.[1]
While Bright House lacked standing to assert Walker’s privacy rights in his personnel file, it possessed standing to oppose the production of private information within the file on the ground that the information was not relevant to the litigation. Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 945 (Fla. 2002). It is axiomatic that discovery in civil cases must be relevant to the subject matter of the case. See Fla. R. Civ. P. 1.280(b)(1). “In exercising its discretion to prevent injury through abuse of the action or the discovery process within the action, trial courts are guided by the principles of relevancy and practicality.” Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003).
Personnel files undoubtedly contain private information. See, e.g., Alterra, 827 So.2d at 946 (referencing employees’ privacy rights in their personnel files); Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648-49 (10th Cir.2008) (noting that, while not categorically out of bounds, personnel files contain sensitive personal information, and trial court was not unreasonable to be “cautious about ordering their entire contents disclosed willy-nilly”); Ladson v. Ulltra E. Parking Corp., 164 F.R.D. 376, 377 n. 1 (S.D.N.Y.1996) (“Legitimate privacy concerns exist with regard to personnel files.”). Here, Walker was named as a defendant, but he had not been served with the complaint as his whereabouts were unknown, so he lacked the opportunity to personally assert a privacy objection. “This does not necessarily mean, however, that such important nonparty rights should not be considered, or that the right to privacy and the right to know should not be weighed, during the discovery process.” Alterra, 827 So.2d at 944. When privacy rights are implicated, discovery should be narrowly tailored to provide access to discoverable information while safeguarding privacy rights.
It is likely that Walker’s personnel file contains information about his compensation, benefits, pension, and the like which would not be relevant to this law *296 suit, but would be highly intrusive to Walker’s privacy interests if disclosed. In contrast, any information regarding Walker’s training, competence, abilities, and disciplinary history may be relevant to the underlying automobile negligence action. As such, the trial court erred in not conducting an in camera inspection of Walker’s file in order to segregate the relevant documents which were discoverable from the irrelevant documents which were not. Cf. id, 827 So.2d at 945-46; Beverly Enterprises-Florida, Inc. v. Deutsch, 765 So.2d 778, 783 (Fla. 5th DCA 2000), disapproved on other grounds, id, 827 So.2d 936. Accordingly, the trial court departed from the essential requirements of law by ordering Bright House to disclose Walker’s entire personnel file without first conducting an in camera inspection.
PETITION GRANTED.
COHEN and BERGER, JJ., concur.

. Certiorari is the appropriate vehicle to review an interlocutory order requiring disclosure of allegedly private information. See Al-terra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 945 (Fla.2002).