WETHERELL, J.
Petitioner, Joan Scully, seeks certiorari review of an order denying her motion for a protective order and authorizing Respondent, Shands Teaching Hospital and Clinics, Inc. (Shands), to obtain discovery of her medical and psychiatric records. We grant the petition in part.
In October 2011, Scully was voluntarily admitted to a psychiatric hospital as a result of an adverse reaction to a medication for her psychiatric condition. At the time, Scully was employed by Shands as a licensed clinical social worker. After her discharge from the psychiatric hospital, Shands would not allow Scully to return to work until she was evaluated by the Professional Resource Network (PRN).[1] In November 2011, PRN advised Shands that Scully was “able to practice with reasonable skill and safety,” but also noted that she was “in the process of establishing a contract [2] with [PRN].” *988 Shands refused to allow Scully to return to work without providing a copy of the contract. Scully refused to do so, and in December 2011, she resigned from Shands.
In August 2012, Scully filed a complaint against Shands alleging that she was constructively discharged in violation of the Florida Civil Rights Act based upon a perceived disability. During the course of discovery, Shands sought production of records from PRN and various providers who treated or evaluated Scully. Scully objected to the production and sought a protective order. The trial court denied the protective order and allowed the discovery. Scully timely sought review of the order in this court by Sling a petition for certiorari, which “seeks reversal [of the trial court’s order] to the extent that the Order permits [Shands’] non-party subpoenas to [PRN], Leslie Sahler LCSW,[3] and [PRN evaluator] Leslie Parsons, D.O.”[4]
Where, as here, an order permits discovery of medical or other records that are protected by constitutional or statutory privileges, this court has jurisdiction to review the order because the harm caused by the erroneous production of such records cannot be remedied on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); James v. Veneziano, 98 So.3d 697, 698 (Fla. 4th DCA 2012). However, relief is warranted only if the order departs from the essential requirements of the law. See Mullins v. Tompkins, 15 So.3d 798, 800 (Fla. 1st DCA 2009).
Scully first contends that the trial court departed from the essential requirements of law because the records sought by Shands are not relevant and are protected from discovery by the psychotherapist-patient privilege. We disagree. Scully placed her medical and psychiatric condition at issue in this case through her disability discrimination claim and her request for emotional distress damages. Accordingly, the trial court properly determined that the records were discoverable. See § 90.503(4)(c), Fla. Stat. (2012) (excepting from the psychotherapist-patient privilege “communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim”); cf. Poston v. Wiggins, 112 So.3d 783, 786 (Fla. 1st DCA 2013) (quashing portion of order allowing discovery of defendant’s post-accident medical records because the defendant was not seeking affirmative relief and her post-accident medical condition was irrelevant to the issues in the case).
Scully alternatively contends that the trial court departed from the essential requirements of law by allowing discovery of the records without limiting the scope of the production or conducting an in camera review. On this point, we agree. Although the requests for production directed to PRN and Dr. Parsons focused on records involved in the November 2011 determination that Scully was fit to practice, the request directed to Ms. Sahler sought “[a] full and complete copy of any and all medical records and information regarding [Scully]” without any temporal limitation. The trial court did not limit the *989 scope of the records that Ms. Sahler was required to produce to a period more temporally-related to the claims at issue in this case, nor did it require an in camera review to ensure that only relevant records are produced. By failing to do so, the trial court departed from the essential requirements of law. See, e.g., James, 98 So.3d at 698 (holding that trial court must conduct in camera review to limit disclosure of medical records to those relevant to litigation); Smith v. Smith, 64 So.3d 169 (Fla. 4th DCA 2011) (requiring trial court to review wife’s mental health records in camera prior to releasing them to husband if wife waived psychotherapist-patient privilege); Barker v. Barker, 909 So.2d 333 (Fla. 2d DCA 2005) (quashing broad order for production of entire medical record and remanding for in camera inspection to prevent disclosure of information not relevant to litigation); Bergmann v. Freda, 829 So.2d 966 (Fla. 4th DCA 2002) (directing trial court to conduct in camera review of medical records to determine if good cause exists for disclosure where plaintiff requested any and all medical records).
Accordingly, we grant the petition in part and quash the trial court’s order insofar as it orders production of records from PRN, Ms. Sahler, and Dr. Parsons without limiting the scope of the records that must be produced or requiring an in camera review of the records before they are turned over to Shands. The case is remanded for the trial court to conduct an in camera review of the records produced by these providers to prevent disclosure of information that is not relevant to this litigation. In all other respects, the petition is denied.
GRANTED in part; DENIED in part; ORDER QUASHED in part and REMANDED for further proceedings.
CLARK and RAY, JJ., concur.

. PRN serves as consultant to the Department of Health and provides for early identification, intervention and appropriate treatment services for licensed professionals who are unable to perform their professional duties and responsibilities with skill and safety after becoming impaired as a result of physical conditions, mental or emotional problems or chemical dependency/abuse. See § 456.076, Fla. Stat. (2012).

. The parties refer to the contract as a "monitoring contract.” The record is not entirely *988 clear on the purpose of such a contract, although it appears that its purpose is to identify any conditions, limitations, or restrictions on the licensee’s practice.

. Ms. Sahler is a psychotherapist who has treated Scully since 1990.

. The petition does not seek "reversal” of the order as to the other providers subject to Shands' non-party subpoenas: Cynthia J. White, M.D.; Gary L. Kanter, M.D.; Richard A. Greer, Dr. [sic], M.D.; Stewart Marchman Act Behavior Healthcare; and University of Florida.