NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH MULLER,                              )
                                            )
          Petitioner,                       )
                                            )
v.                                          )     Case No. 2D14-3433
                                            )
WAL-MART STORES, INC., a foreign for        )
profit corporation; NORDEL CONTRERAS,       )
individually; and SELECT SPACE              )
LOGISTICS COMPANY,                          )
                                            )
          Respondents.                      )
_____)

Opinion filed May 22, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Joseph C. Fuller,
Judge.

Margaret Bichler of Lytal, Reiter, Smith,
Ivey & Fronrath, West Palm Beach, for
Petitioner.

Edward R. Nicklaus and Gustavo A.
Martinez-Tristani of Nicklaus & Associates,
P.A., Coral Gables, for Respondents
Wal-Mart Stores, Inc., and Nordel
Contreras.

No appearance for Respondent
Select Space Logistics Company.

SILBERMAN, Judge.

          Joseph Muller seeks certiorari review of a discovery order compelling the

production of his military records in Muller's negligence action against Wal-Mart and

Wal-Mart employee Nordel Contreras.[1]  Muller argues that the circuit court departed from the essential requirements of the law in requiring the disclosure of his military records without conducting an in camera examination to segregate the relevant documents from the private, irrelevant documents.  We agree and grant the petition.

Muller initiated the underlying action in December 2012 after he was struck by a truck belonging to Wal-Mart and driven by Contreras at a Wal-Mart Distribution Center.  In his complaint, Muller sought damages for permanent bodily injury, pain and suffering, aggravation of pre-existing conditions or physical defects, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical expenses, and loss of earnings and earning capacity.

The discovery revealed that Muller had served in the Army in an infantry regiment for eleven years before being honorably discharged in 1993.  Muller, who had served in Berlin, Korea, and Iraq, disclosed that he had sustained three injuries while in the military but asserted that he was not seeking damages for the aggravation of any of his military injuries.  In an additional discovery request, Wal-Mart requested that Muller provide the following documents:  (1) an "undeleted" DD Form 214,[2] (2) Muller's entire military personnel file, and (3) Muller's military medical records.

---

[1]Although Contreras has appeared in this proceeding, he has filed for bankruptcy protection.  The trial court has stayed proceedings solely as to him.  This appeal is limited to a discovery dispute between Muller and Wal-Mart.

[2]An undeleted DD Form 214 contains information for the verification of military service, which the form itself describes as including "[s]ensitive items, such as, the character of separation, authority for separation, reason for separation, reenlistment eligibility code, separation (SPD/SPN) code, and dates of time lost."

Muller filed an objection and supporting memorandum asserting, among other things, that the request was an invasion of his right to privacy under article I, section 23, of the Florida Constitution and sought irrelevant information. Muller requested that the court, at a minimum, conduct an in camera inspection prior to compelling the production of the records. In a motion to compel, Wal-Mart argued that the discovery was necessary to defend against Muller's claims for damages and to determine his capacity to hear, observe, and understand his surroundings at the time of the accident. The magistrate entered an order in which it recommended granting Wal-Mart's discovery request, and the circuit court entered an order adopting the recommendation.

" 'The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues.' " Ryan v. Landsource Holding Co., LLC, 127 So. 3d 764, 767 (Fla. 2d DCA 2013) (quoting Rappaport v. Mercantile Bank, 17 So. 3d 902, 906 (Fla. 2d DCA 2009)). When a party challenges a discovery order by asserting a constitutional right to privacy, the trial court must conduct an in camera review to determine whether the requested materials are relevant to the issues in the underlying action. James v. Veneziano, 98 So. 3d 697, 698 (Fla. 4th DCA 2012). An order directing the production of such records without the required determination may cause irreparable harm that cannot be remedied on direct appeal and is properly reviewable by certiorari. Id.

While Wal-Mart may be correct that Muller's military records likely contain evidence that will assist Wal-Mart in defending against Muller's claims, Muller's military

records also likely contain information that is not relevant to his claims but would be highly intrusive to his privacy interests if disclosed. See Walker v. Ruot, 111 So. 3d 294, 295-96 (Fla. 5th DCA 2013) (discussing a petitioner's potential privacy interests in his personnel file). The irrelevant documents containing this information must therefore be segregated from any relevant documents that are discoverable. See id. at 296.

Accordingly, the circuit court departed from the essential requirements of the law by compelling Muller to produce the undeleted DD Form 214, his entire military personnel file, and all of his military medical records without first conducting an in camera inspection. We therefore grant the petition for writ of certiorari and quash the discovery order. On remand the court should conduct an in camera inspection and segregate any private documents that are not relevant to Muller's negligence action from the relevant documents.

Petition granted.


ALTENBERND and BLACK, JJ., Concur.