# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-1395

———————————————

MICHAEL H. BROOKS,

   Petitioner,

   v.

EMILY H. BROOKS,

   Respondent.

———————————————

Petition for Writ of Certiorari—Original Proceeding.
Circuit Court of Walton County; Jeffrey E. Lewis, Judge.

February 23, 2018

KELSEY, J.

   Petitioner, the husband in a pending dissolution proceeding, asks us to quash an order allowing Respondent wife to subpoena husband's medical, psychotherapist, pharmacy, and employment records from five non-parties. The order directs that the documents be provided to husband's counsel and then to the trial court for an in-camera inspection to determine what documents will be furnished to wife. We grant the petition in part and quash three of the five subpoenas.

## I.    FACTS

   The parties lived together from 2005 to 2015, and were married in 2014. They had a daughter early in 2015. Husband filed

for dissolution that September. The court ordered 50/50 timesharing and equal decision-making authority while the dissolution was pending.

Wife claims she left the marital home during the summer of 2015 after husband committed an act of domestic violence against her. She also claims husband was on disability for parts of 2011, 2012, and 2014 due to emotional instability. Her present concerns about his mental health stem from his lack of employment and his alleged angry, expletive-laced tirades when they exchange custody of their daughter. She does not, however, assert any issues with husband's care or parenting of the child.

Wife notified husband that she intended to subpoena his medical and personnel files to gather information about his past mental instability. Her subpoenas sought medical records from husband's psychotherapist, a medical facility where he was treated, and records from 2012 to the present from a pharmacy where he filled his prescriptions. She sought his entire personnel file from his 2013–2014 employer, and his application and offer letter from his 2015–2016 employer.

Wife argues that husband's mental health is relevant to child custody, which is why she is seeking his medical records from his psychotherapist and the organizations that participated in his treatment. She also claims that his personnel file from his 2013–2014 employer may contain parts of his medical record and his application for disability, also relevant to his mental health. She asserts that this personnel file could also be relevant to whether husband is voluntarily underemployed, which could affect his child support obligation. Finally, she argues that husband's application and offer letter from his 2015–2016 employer will be relevant to establishing his child support obligations because it will contain salary information.

## II. CERTIORARI STANDARDS

Certiorari is the proper vehicle for reviewing a discovery order. *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). "[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material

2

injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Id.* Because irreparable harm is a jurisdictional threshold for certiorari review, we must first determine whether a petitioner has made a prima facie showing that the order will cause such harm. *O'Neill v. O'Neill*, 823 So. 2d 837, 839 (Fla. 5th DCA 2002); *Morgan, Colling & Gilbert, P.A. v. Pope*, 798 So. 2d 1, 3 (Fla. 2d DCA 2001). If the petitioner demonstrates irreparable harm, we proceed to determine whether the order departed from the essential requirements of law. *O'Neill*, 823 So. 2d at 839.

Not all erroneous discovery orders cause irreparable harm, but irreparable harm can come from discovery of "cat out of the bag" type information that "could be used to injure another person or party outside the context of the litigation." *Allstate*, 655 So. 2d at 94. Because personnel files often contain sensitive, personal information that can be used to harm a party outside the context of the litigation, the discovery of irrelevant portions of the file can cause irreparable harm. *See Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 945–46 (Fla. 2002). Therefore, courts should conduct in-camera inspections of personnel files to separate relevant information from irrelevant[*] information, balancing the "right to privacy with the right to know." *Id.*; *see Walker v. Ruot*, 111 So. 3d 294, 294–96 (Fla. 5th DCA 2013).

The "[e]rroneous disclosure of medical records [also] qualifies as irremediable harm." *Zarzaur v. Zarzaur*, 213 So. 3d 1115, 1117 (Fla. 1st DCA 2017). A person has the right to prevent the disclosure of "confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition." § 90.503(2), Fla. Stat. (2016). In a child custody dispute, the mental health of the parents is a factor to be considered, but it does not waive the statutory psychotherapist-patient privilege. *Leonard v. Leonard*, 673 So. 2d 97, 99 (Fla. 1st DCA 1996). Nor can mere allegations of mental or emotional instability overcome the privilege. *Id.* A court may deem the

_____

[*] "[D]iscovery in civil cases must be relevant to the subject matter of the case." *Walker v. Ruot*, 111 So. 3d at 294, 295 (Fla. 5th DCA 2013).

privilege involuntarily waived only under "extreme circumstances." *Zarzaur*, 213 So. 3d at 1119. "In *O'Neill*, for instance, an involuntary waiver occurred when the court found the existence of a 'calamitous event' after a mother threatened to kill herself and her children and then voluntarily committed herself to a psychiatric ward." *Id.* at 1119 (citing *O'Neill*, 823 So. 2d at 840).

In *Zarzaur*, this Court quashed a discovery order requiring the petitioner to disclose her medical records from the previous seven years. We concluded the evidence did not establish a "genuine 'calamitous event.'" *Id.* at 1119. We also held in *Zarzaur* that the medical records must be relevant to the parent's *present* ability to parent. *Id.* at 1118–19. This is why "prior mental health of the parents is rarely relevant or material in a child custody case." Bruce G. Borkosky & Mark S. Thomas, *Florida's Psychotherapist-Patient Privilege in Family Court*, Fla. B.J., May 2013, at 35, 35.

Because the release of privileged and confidential records has the potential to create irreparable injury, Florida appellate courts require trial courts to conduct in-camera inspections of such records before they are released, to prevent improper and overbroad disclosures. *Zarzaur*, 213 So. 3d at 1120; *Walker*, 111 So. 3d at 296; *see Alterra*, 827 So. 2d at 945–47.

## III.   ANALYSIS

In this case, wife sought the disclosure of several of husband's employment and medical records because they might contain information about his alleged emotional troubles and their relation to both his periodic unemployment and his present ability to parent the parties' child. Wife does not dispute that these records are privileged or confidential. She only argues that she demonstrated an adequate need to overcome those privacy interests. The court did not order direct disclosure of the requested records, but rather ordered that they be produced for an in-camera inspection—a requirement that we approve. *Zarzaur*, 213 So. 3d at 1120.

## A. *Medical Records.*

The records of husband's treating physician, the medical facility, and the pharmacy fall within the ambit of the statutory privilege, and that privilege is only waived under the extreme circumstances described in the case law. Wife has not alleged the occurrence of a calamitous event that would qualify as the extreme circumstance necessary to invade husband's privileged communications and documents related to the treatment of a mental health condition. In fact, wife was not aware of a single problem regarding husband's care of their child. She only alleged that he previously committed an act of domestic violence against her and would curse her out when they met to exchange custody. Neither of these claims qualifies as the type of extreme condition that would allow the disclosure of husband's medical records.

An in-camera inspection of husband's medical records would not cure wife's failure to establish the extreme circumstances required to overcome husband's privilege. The purpose of an in-camera inspection is to separate discoverable information from nondiscoverable information where the sensitivity of the information makes an erroneous disclosure harmful. Here, the court departed from the essential requirements of the law as it applies to the subpoenas for medical records, and disclosure of those records would create irreparable harm. Therefore, we quash the subpoenas issued to the Crane Center, Publix Pharmacy, and Tracey Novak.

## B. *Personnel Records.*

Florida law cautions against allowing the discovery of entire personnel files, because of the potential of disclosing irrelevant information that could cause irreparable harm. *Alterra*, 827 So. 2d at 944. Even when releasing only portions of the file, the court should balance the competing interests in the discovery of the information. *Id.* at 945. Given the nature of personnel files, an in-camera inspection is the best way to balance those interests and properly tailor the discovery. *See id.* at 945–46. In light of our ruling that wife has not demonstrated entitlement to husband's past medical records, any disclosure from husband's personnel files must be limited to financial information relevant to child

support calculations. Because the trial court's order properly requires in-camera inspection of husband's personnel records, husband has not shown a present departure from the essential requirements of law as to this part of the order. We therefore deny the petition as it relates to husband's personnel records, without prejudice to husband's seeking future relief if appropriate after the trial court reviews the records and determines the scope of disclosure.

GRANTED in part and DENIED in part.

LEWIS and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Daniel W. Uhlfelder and Nicola J. Pappas of Daniel W. Uhlfelder, P.A., Santa Rosa Beach, for Petitioner.

Clay B. Adkinson of Adkinson Law Firm, LLC, DeFuniak Springs, for Respondent.