# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3737

_____

TALLAHASSEE MEMORIAL
HEALTHCARE, INC.,

   Petitioner,

   v.

CHERELLE DUKES,

   Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

March 8, 2018

PER CURIAM.

   Petitioner, Tallahassee Memorial Healthcare, Inc., filed a petition for writ of certiorari, challenging a discovery order compelling it to provide Respondent, Cherelle Dukes, with Chart Access Audit records for three of its employees in a lawsuit filed by Respondent, a former employee, under Florida's private sector Whistleblower's Act. We agree with Petitioner that the trial court departed from the essential requirements of the law in compelling an audit for Stacy Bender given that neither the Second Amended Complaint nor any other pleadings filed by Respondent alleged that Bender committed violations of the Health Insurance Portability and Accountability Act ("HIPAA"). *See Krypton Broad. of Jacksonville, Inc. v. MGM-Pathe Commc'ns Co.*, 629 So. 2d 852, 854 (Fla. 1st DCA 1993) ("It is axiomatic that information sought

in discovery must relate to the issues involved in the litigation, as framed in all pleadings."), *disapproved of on other grounds in Allstate Insurance Co. v. Langston*, 655 So. 2d 91 (Fla. 1995).

As for audits ordered by the trial court for Tiana Haskett and Jasmine Rodriguez, Respondent made allegations in the Second Amended Complaint that she, on multiple occasions, observed both women access patients' personal health information on Petitioner's computers where medical staff authorized to access the information were logged in and discussed the information in violation of HIPAA. Because the discovery at issue relates to the issues as framed by Respondent's allegations, the trial court appropriately ordered audits as to Haskett and Rodriguez. However, we agree with Petitioner that the trial court should have limited the scope of those audits to only the days on which Respondent worked for Petitioner during the six-month period at issue as Respondent's alleged observations could only have been made on the days she was working. *See Scully v. Shands Teaching Hosp. & Clinics, Inc.*, 128 So. 3d 986, 989 (Fla. 1st DCA 2014) (holding that the trial court departed from the essential requirements of the law by not limiting the scope of the records at issue to a period more temporally-related to the claims).

Accordingly, we DENY the certiorari petition in part, GRANT the petition in part, and QUASH the order under review in part.


B.L. THOMAS, C.J., and LEWIS and MAKAR, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––


Brandice D. Dickson and S. Austin Cattani of Pennington, P.A., Tallahassee, for Petitioner.

Marie A. Mattox, Tallahassee, for Respondent.

2