# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ALLSTATE INSURANCE COMPANY, CHRISTINE BROGAN, GEORGE NAFTZINGER, JOHN CONNOLLY, MICHAEL SNELL, GARY MELLINI, and EVA MC INTEE,

Petitioners,

v.

JESSE LEE RAY, as personal representative of the Estate of Deborah L. Veilleux, deceased,

Respondent.


No. 2D21-2912

_____

September 30, 2022

Petition for Writ of Certiorari to the Circuit Court for Hillsborough County; Caroline Tesche Arkin, Judge.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, for Petitioners.

Daniel L. Greene and Brent G. Steinberg of Swope Rodante, P.A., Tampa, for Respondent.


STARGEL, Judge.

This proceeding arises from a bad faith action brought by Jesse Lee Ray, as personal representative of the Estate of Deborah L. Veilleux (the Estate), against Allstate Insurance Company. Allstate, along with several of its employees (the Petitioners), seek certiorari review of an order compelling Allstate to produce documents from the employees' personnel files and documents pertaining to Allstate's business goals, strategies, and metrics. We grant the petition in part.

## Background

In 2006, Veilleux was at fault in an accident with Gerald Aloia while he was on his motorcycle, rendering him a paraplegic.[1] After Aloia and Allstate, Veilleux's insurer, were unable to agree to a settlement within Veilleux's policy limits, Aloia filed suit against the Estate. The case went to trial on damages, and the jury returned a verdict in favor of Aloia in excess of $44 million. The Estate moved for a new trial or for remittitur, and the trial court allowed the Estate to elect either to have a new trial or to accept a remitted verdict. Allstate chose to accept the remitted verdict on behalf of

---

[1] Veilleux died in 2007 from unrelated causes.

the Estate, and an amended final judgment was entered against the Estate in the amount of $21,879,414.

The Estate then sued Allstate for bad faith for failing to reach a settlement and for breaching its duty to defend by rejecting the opportunity to have a new trial, thereby binding the Estate to the judgment amount. During discovery, the Estate sought various categories of documents, including the personnel files of several Allstate employees involved in the underlying claim as well as documents reflecting the "goals, strategies, objectives, performance metrics[,] or business targets" for Allstate's claims department. Allstate objected to these requests on several grounds, including relevance, privacy, attorney-client privilege, and work product.

After a hearing on the Estate's motion to compel, the trial court ordered Allstate to produce the requested documents. Regarding the personnel records, the court found that there "was at least enough of a connection to the underlying claim that they would be relevant." While the court ordered redaction of any "social security numbers, telephone numbers, drug test results, information relating to an employee's family's financial situation, or protected health information," it did not address Allstate's attorney-

3

client privilege or work product claims. The trial court further stated that it was "troubled" by the request for information concerning Allstate's business goals and metrics but nevertheless ordered production of those document as well.

## Analysis

"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995) (citing *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099 (Fla. 1987)). The latter two requirements are jurisdictional and must be satisfied before an appellate court can determine whether there was a departure from the essential requirements of the law. *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648-49 (Fla. 2d DCA 1995).

In the instant petition, the Petitioners have raised numerous issues regarding the trial court's order compelling production. We conclude that two of those issues meet the requirements outlined above and thus merit relief.

4

First, we agree with the Petitioners that the portion of the trial court's order compelling production of Allstate's employee personnel files violates the employees' fundamental privacy rights under the Florida Constitution. *See Alterra Healthcare Corp. v. Est. of Shelley*, 827 So. 2d 936, 941 (Fla. 2002) (recognizing that the constitutional right to privacy "may, under certain circumstances, extend to personal information contained in nonpublic employee personnel files"); *see also Walker v. Ruot,* 111 So. 3d 294, 295 (Fla. 5th DCA 2013) ("Personnel files undoubtedly contain private information.").

As a preliminary matter, we note that individual employees whose personnel files are the subject of the Estate's discovery requests are not parties to the underlying bad faith action, and, with the exception of Mike Snell, who objected during his deposition, they did not have the opportunity to personally raise a privacy objection. Under these circumstances, certiorari is an appropriate avenue for the employees to obtain relief from the trial court's order. *See Nussbaumer v. State*, 882 So. 2d 1067, 1072 (Fla. 2d DCA 2004) (explaining that certiorari is appropriate where a nonparty to the underlying proceedings "does not have an adequate remedy by appeal" (citing *Briggs v. Salcines*, 392 So. 2d 263 (Fla. 2d

DCA 1980))); *see also Walker,* 111 So. 3d at 295 (entertaining privacy argument where "Walker was named as a defendant, but he had not been served with the complaint as his whereabouts were unknown, so he lacked the opportunity to personally assert a privacy objection").

Turning to the merits of the privacy issue, we conclude that the trial court departed from the essential requirements of the law by compelling production of documents from the personnel files without conducting an in-camera review. *See Walker,* 111 So. 3d at 294-96 (holding that trial court departed from the essential requirements of law by ordering Walker's employer to disclose his personnel file without first conducting an in-camera inspection, as the file likely contained information "which would not be relevant to th[e] lawsuit, but would be highly intrusive to Walker's privacy interests if disclosed"); *see also Muller v. Wal-Mart Stores, Inc.,* 164 So. 3d 748, 750 (Fla. 2d DCA 2015) (quashing discovery order compelling production of servicemember's military personnel file without in-camera review); *James v. Veneziano,* 98 So. 3d 697, 698-99 (Fla. 4th DCA 2012) (holding that in-camera review of private

medical records was necessary to determine the extent to which the records were relevant).

While the Estate's discovery requests in this case stop short of seeking wholesale production of the personnel files, they still encompass numerous categories of potentially irrelevant information which, if disclosed, could jeopardize the employees' privacy interests. Although the trial court made a commendable effort to protect the employees' privacy by requiring the redaction of personal information such as social security numbers, telephone numbers, and protected health information, the Estate's sweeping discovery requests still pose a significant risk to the employees' privacy rights. Therefore, in this situation, an in-camera review of the personnel files is necessary "in order to segregate the relevant documents which [are] discoverable from the irrelevant documents which [are] not." *Walker*, 111 So. 3d at 296.

The second issue that merits relief involves Allstate's claims that certain documents from the personnel files of John Connolly and Christine Brogan are privileged. *See Harborside Healthcare, LLC v. Jacobson*, 222 So. 3d 612, 615 (Fla. 2d DCA 2017) ("Certiorari relief is . . . appropriate in cases which allow discovery

7

of privileged information because once such information is disclosed, there is 'no remedy for the destruction of the privilege available on direct appeal.' " (quoting *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 506 (Fla. 2d DCA 2006))). Allstate points out that because Connolly works as Allstate's in-house counsel, any documents in his personnel file containing legal advice or analysis are covered by attorney-client privilege.[2] Allstate further avers that both Connolly and Brogan—the adjuster who handled the bad faith claim—prepared documents containing their mental impressions regarding the bad faith claim that constitute protected work product.[3]

The trial court departed from the essential requirements of the law by entering the order compelling production without conducting an in-camera review of the documents at issue or even addressing

---

[2] Attorney-client privilege "extends to communications between employees and in-house general counsel, whether oral, contained in documents or contained in a database." *Ford Motor Co. v. Hall-Edwards*, 997 So. 2d 1148, 1153 (Fla. 3d DCA 2008).

[3] We reject the Estate's contention that Allstate's attorney-client privilege and work product arguments are unpreserved. Allstate lodged objections on these grounds in its response to the Estate's production requests and reiterated those objections during the hearing on the motion to compel.

Allstate's privilege claims. *See East Bay NC, LLC v. Est. of Djadjich ex rel. Reddish*, 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019) ("When parties dispute that documents are protected under certain statutory provisions, the proper course is for the trial court to conduct an in-camera inspection to determine if the requested documents are discoverable." (citing *Tampa Med. Assocs. v. Est. of Torres*, 903 So. 2d 259, 262 (Fla. 2d DCA 2005))); *Harborside Healthcare*, 222 So. 3d at 616 ("[I]t may be a departure from the essential requirements of the law when the trial court requires production of documents—without explanation—despite objections that statutory protections apply." (citing *Bartow HMA, LLC v. Kirkland*, 171 So. 3d 783, 785 (Fla. 2d DCA 2015))); *Patrowicz v. Wolff*, 110 So. 3d 973, 974 (Fla. 2d DCA 2013) ("The failure to address whether a claimed privilege applies prior to ordering the disclosure of documents is a departure from the essential requirements of the law.").

While the Estate contends that relief is not warranted because Allstate did not submit a privilege log, we note that the obligation to file a privilege log does not arise until the trial court has determined that the information sought is otherwise discoverable, i.e., *after* the

trial court has ruled on any non-privilege objections. *Avatar Prop. & Cas. Ins. Co. v. Jones*, 291 So. 3d 663, 667 (Fla. 2d DCA 2020) (citing *Morton Plant Hosp. Ass'n v. Shahbas*, 960 So. 2d 820, 826 (Fla. 2d DCA 2007)). Therefore, because Allstate's non-privilege objections to the requested discovery were not resolved until the rendition of the order currently under review, we cannot agree that Allstate's privilege claims have been waived at this juncture. *See id.*

## Conclusion

Accordingly, we grant the petition in part and quash the order compelling production to the extent that it requires Allstate to immediately produce the employee personnel files or any material over which Allstate has asserted attorney-client privilege or work product protection without the trial court first performing an in-camera review consistent with this opinion.

Petition granted in part and denied in part; order quashed in part.

NORTHCUTT and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

10