# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2217
Lower Tribunal No. 2021-CA-1958

_____

VIVIAN CORTEZ DOMINGUEZ,

Petitioner,

v.

JUAN JAVIER OMANA, M.D., FLORIDA HOSPITAL MEDICAL GROUP d/b/a
ADVENTHEALTH MEDICAL GROUP GENERAL SURGERY at KISSIMMEE, and
ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a ADVENTHEALTH KISSIMMEE,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Osceola County.
Chad K. Alvaro, Judge.

March 15, 2024

WHITE, J.

Vivian Cortez Dominguez seeks a writ of certiorari quashing the trial court's

order authorizing Juan J. Omana, M.D., Florida Hospital Medical Group, Inc. d/b/a

AdventHealth Medical Group General Surgery at Kissimmee, and Adventist Health

System/Sunbelt, Inc. d/b/a AdventHealth Kissimmee ("Respondents") to issue

subpoenas for Dominguez's medical records.  Because the trial court did not limit

the scope of the subpoenas or conduct an in-camera inspection, we grant the petition and quash the trial court's order.

## Background

Dominguez sued Respondents in 2021 for alleged medical malpractice and vicarious liability. She alleged that Dr. Omana, as an agent of the other Respondents, was to remove a fatty nodule from her armpit but damaged nerves in the area during a procedure performed in 2019. Dominguez claimed that Dr. Omana caused "unnecessary and permanent injury and harm . . . including an onset of Complex Regional Pain Syndrome, chronic pain, weakness, paresthesias, deformity, disfigurement, and diminished use of [her] left hand and arm." She sought damages for "permanent or continuing" "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money" that she had suffered and would suffer in the future.

In 2022, Respondents gave notice of their intent to serve subpoenas on several non-parties requesting the production of Dominguez's medical records. The subpoenas sought "any and all" records "for the last ten (10) years" that pertained to Dominguez. Dominguez filed objections, so Respondents moved to overrule. At the hearing in 2023, Dominguez argued that the subpoenas were overbroad and invaded her constitutional right to privacy because it was highly probable that

2

irrelevant medical records would be produced. She asked the trial court to sustain her objections, or, in the alternative, conduct an in-camera inspection. The trial court found that Dominguez waived her right to privacy by putting her physical condition at issue, found that the subpoenas were reasonably likely to lead to the discovery of admissible evidence, overruled her objections, and denied her request for an in-camera inspection. Dominguez's timely petition followed.

## Analysis

To obtain certiorari relief, the petitioner must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)). "The last two elements are jurisdictional and must be analyzed before the court may even consider the first element." *Williams*, 62 So. 3d at 1132. "The last two prongs together are 'referred to as irreparable harm.'" *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 252 (Fla. 2023) (quoting *Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 721 (Fla. 2012)).

The trial court allowed Respondents to subpoena Dominguez's medical records. Medical records are protected by the right to privacy in the Florida Constitution. *See* Art. I, § 23, Fla. Const.; *see also, e.g., Weaver v. Myers*, 229 So.

3

3d 1118, 1125-26 (Fla. 2017). By suing Respondents, Dominguez waived her right to privacy in medical records that are relevant to her claims, but she still has that right in medical records that are irrelevant. *See Weaver*, 229 So. 3d at 1132. Dominguez has established irreparable harm because the improper disclosure of medical records causes a material injury that cannot be remedied on appeal. *See Zawistowski v. Gibson*, 337 So. 3d 901, 904 (Fla. 2d DCA 2022); *Scully v. Shands Teaching Hosp. & Clinics, Inc.*, 128 So. 3d 986, 988 (Fla. 1st DCA 2014); *James v. Veneziano*, 98 So. 3d 697, 698 (Fla. 4th DCA 2012).

Now we turn to whether Dominguez has established a departure from the essential requirements of the law. We reject her contention that such a departure occurred when the trial court found that the subpoenas were reasonably likely to lead to the discovery of admissible evidence. *See* Fla. R. Civ. P. 1.280(b)(1); *Scully*, 128 So. 3d at 988 ("Scully placed her medical and psychiatric condition at issue in this case through her disability discrimination claim and her request for emotional distress damages. Accordingly, the trial court properly determined that the records were discoverable."). We agree with Dominguez, however, that it was highly probable that irrelevant medical records would accompany the relevant medical records because the breadth of the subpoenas "casts too wide a net." *Tanner v. Hart*, 313 So. 3d 805, 808 (Fla. 2d DCA 2021). Consequently, the trial court was required to either limit the scope of the subpoenas or conduct an in-camera inspection. *See*

4

*Scully*, 128 So. 3d at 988-89 (trial court departed from the essential requirements of law by ordering production of "any and all" medical records with no temporal limitation because it did not limit the scope of production or require an in-camera review to ensure that only relevant records are produced); *see also Tanner*, 313 So. 3d at 808 (trial court departed from the essential requirements of law by ordering production of "any and all" medical records for the past 10 years because it did not conduct an in-camera inspection (citing *Scully*, 128 So. 3d at 988-89)).

We understand the burden that in-camera inspections put on busy trial judges. Nevertheless, that burden may be necessary to protect privacy rights. *See Tanner*, 313 So. 3d at 808 n.1; *McEnany v. Ryan*, 44 So. 3d 245, 248 (Fla. 4th DCA 2010). Here, the trial court departed from the essential requirements of the law by neither narrowing the breadth of the subpoenas nor performing an in-camera inspection to prevent the disclosure of irrelevant medical records.

## Conclusion

For the foregoing reasons, we grant the petition for writ of certiorari and quash the trial court's order.

PETITION GRANTED; ORDER QUASHED.

TRAVER, C.J., and BROWNLEE, J., concur.


Maegen Peek Luka, of Newsome Melton, P.A., Orlando, and Pete Placencia, of Law Offices of Pete Placencia, PL, New Port Richey, for Petitioner.

Christian P. Trowbridge and Dinelia A. Concepcion, of Estes, Ingram, Foels & Gibbs, P.A., Maitland, for Respondents.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED