# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3530
LT Case No. 2024-011299-CIDL

_____

DEBRA SUE RODRIGUEZ and
MACEDONIO COC RODRIGUEZ,

     Petitioners,

     v.

DONNA MARIE CURREY,

     Respondent.

_____

Petition for Certiorari Review of Order from the Circuit Court for Volusia County.
Randell H. Rowe, III, Judge.

Jeremy K. Markman, of King & Markman, P.A., Orlando, for Petitioners.

Kevin D. Franz and Nicholas R. Consalvo, of Boyd & Jenerette, P.A., Boca Raton, for Respondent.

April 3, 2025

JAY, J.

The certiorari petition before us attacks an order that compels the production of medical records. We grant relief and remand for the trial court to inspect the records in-camera to prevent the disclosure of records that are irrelevant to the pending lawsuit.

## I.

Debra Rodriguez and Donna Currey had a car accident. Rodriguez sued Currey for negligence. Currey served a notice of production from non-parties. She requested Rodriguez's medical records from twenty healthcare providers, pharmacies, insurers, and employers. Rodriguez objected on multiple grounds, one of which was that Currey's subpoenas were overbroad because they sought all of Rodriguez's medical records instead of just those records relevant to the lawsuit. Rodriguez asked the trial court to narrow the subpoenas by timing and subject matter or to inspect the records in-camera to decide which of them were relevant.

The court ordered the production of all records from the five years before the accident. Rodriguez moved for reconsideration. She maintained that the court had to limit the subpoenas to records about the body parts that she allegedly injured in the accident. Alternatively, she again requested an in-camera inspection of the records, arguing that the court would depart from the essential requirements of law if it overruled her objections without such an inspection. The court denied reconsideration.

## II.

Rodriguez seeks certiorari relief from the order that compels the production of all her medical records from the five years before the accident. To succeed, she must first show that the order causes her irreparable harm—in other words, a material injury that cannot be corrected on appeal. *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012). If she clears this jurisdictional hurdle, she must then show that the order departs from the essential requirements of law. *See id.* This occurs when an order violates "a clearly established" legal principle. *See id.* at 355. "A classic example . . . is a trial court's failure to follow binding precedent." *State Farm Fla. Ins. Co. v. Sanders*, 327 So. 3d 342, 344 (Fla. 3d DCA 2020).

The irreparable harm analysis here is straightforward. "Medical records are protected by the right to privacy in the Florida Constitution." *Dominguez v. Omana*, 381 So. 3d 1271, 1273 (Fla. 6th DCA 2024). The Supreme Court of Florida has held that

personal injury litigants only partially waive this right—that is, they surrender the right for records relevant to the pending lawsuit but retain it for those that are irrelevant. *See Weaver v. Myers*, 229 So. 3d 1118, 1132 (Fla. 2017) ("Dr. Myers further asserts that Weaver has necessarily waived all constitutional rights to privacy in this case by filing a claim of medical malpractice. However, the anatomy of such a waiver under Florida law is clear. Although a claimant may necessarily waive privacy rights to the medical information that is relevant to a claim by filing an action, this does not amount to waiver of privacy rights pertaining to all confidential health information that is not relevant to the claim."); *see also Dominguez*, 381 So. 3d at 1273 ("By suing Respondents, Dominguez waived her right to privacy in medical records that are relevant to her claims, but she still has that right in medical records that are irrelevant.").

Thus, when a court compels the production of irrelevant medical records, the impacted litigant suffers irreparable harm. *See Dominguez*, 381 So. 3d at 1273. This principle is well-established. *See, e.g.*, *Tanner v. Hart*, 313 So. 3d 805, 807 (Fla. 2d DCA 2021) ("[A]n order that compels production of a party's medical records satisfies the jurisdictional element of irreparable harm."); *Paylan v. Fitzgerald*, 223 So. 3d 431, 434 (Fla. 2d DCA 2017) ("Orders that require disclosure of confidential medical information meet the irreparable harm requirement for certiorari review because once such information is improperly disclosed, the harm caused by that disclosure cannot be undone."); *Zarzaur v. Zarzaur*, 213 So. 3d 1115, 1117 (Fla. 1st DCA 2017) ("Erroneous disclosure of medical records qualifies as irremediable harm."); *Scully v. Shands Teaching Hosp. & Clinics, Inc.*, 128 So. 3d 986, 988 (Fla. 1st DCA 2014) ("Where, as here, an order permits discovery of medical or other records that are protected by constitutional or statutory privileges, this court has [certiorari] jurisdiction to review the order because the harm caused by the erroneous production of such records cannot be remedied on appeal."). Accordingly, if any of Rodriguez's medical records are irrelevant to the pending lawsuit, their disclosure will irreparably harm Rodriguez. This activates our certiorari jurisdiction.

The next issue is whether the court departed from the essential requirements of law. "[I]nformation sought in discovery

3

must be relevant to the issues to be litigated, as framed by the pleadings." *Wharran v. Morgan*, 351 So. 3d 632, 637 (Fla. 2d DCA 2022); *see also Rousso v. Hannon*, 146 So. 3d 66, 69 (Fla. 3d DCA 2014) ("Discovery is limited to those matters relevant to the litigation *as framed by the parties' pleadings.*"). This is because pleadings "are designed to develop and present the precise points in dispute," *Brickell v. McCaskill*, 106 So. 470, 471 (Fla. 1925), ensuring "that the parties and the court are absolutely clear" about the issues to be decided. *State Farm Mut. Auto. Ins. Co. v. Davis*, 336 So. 3d 392, 398 (Fla. 5th DCA 2022).

Here, both parties assert that the pleadings support their respective positions. While Currey insists that all the subpoenaed documents are relevant, Rodriguez argues that the requests "will necessarily disclose irrelevant records." As an alternative to quashing the subpoenas, Rodriguez asks for an in-camera review. We agree that the relevancy question here cannot be answered without reviewing the actual records. *See Zarzaur*, 213 So. 3d at 1120 (explaining that Florida appellate courts "consistently require in-camera review of medical records so the trial court can ensure that only relevant, timely documents are disclosed"). An in-camera review will allow the court to "segregate irrelevant documents from relevant documents." *Wharran*, 351 So. 3d at 637.

Because Rodriguez asserted her right to privacy in her medical records, the court should have inspected the records to ensure that Currey only received documents that are relevant to the lawsuit.[1] By ordering the production of *all* medical records for

---

[1] The Sixth District recently denied certiorari relief in a case where the petitioner did "not clarify which institutions were at risk of producing supposedly irrelevant medical records" and did not timely request an in-camera review. *See Valyou v. Navedo*, 50 Fla. L. Weekly D685, 2025 WL 877154, at *2–3 (Fla. 6th DCA Mar. 21, 2025). Here, Rodriguez did both. The Sixth District also reasoned that the petitioner failed to show a *high probability* that the subpoenas would produce irrelevant records. *See id.* at *1–2. Our review of the caselaw—including the Supreme Court's binding decision in *Weaver*—does not persuade us that litigants asserting their constitutional right to privacy in medical records must show a *high probability* of irrelevance to secure an in-camera review.

the five years before the accident without holding an in-camera review, the court departed from the essential requirements of law. *See Zawistowski v. Gibson*, 337 So. 3d 901, 905 (Fla. 2d DCA 2022) ("Despite the narrowly tailored requests, it is conceivable that those records may still contain private, confidential medical information not relevant to the accident that should be excluded from evidence. For this reason, we conclude that the trial court departed from the essential requirements of the law by failing to conduct an in camera review of the records sought to be produced."); *Tanner*, 313 So. 3d at 808 ("[A] trial court departs from the essential requirements of law by ordering production of medical records without inspecting the records in camera to prevent disclosure of information that is not relevant to the litigation." (cleaned up)); *Muller v. Wal-Mart Stores, Inc.*, 164 So. 3d 748, 750 (Fla. 2d DCA 2015) ("[T]he circuit court departed from the essential requirements of the law by compelling Muller to produce . . . all of his military medical records without first conducting an in camera inspection."); *Scully*, 128 So. 3d at 988–89 ("The trial court did not limit the scope of the records that Ms. Sahler was required to produce to a period more temporally-related to the claims at issue in this case, nor did it require an in camera review to ensure that only relevant records are produced. By failing to do so, the trial court departed from the essential requirements of law.").

### III.

In sum, we grant the petition, but only to the extent that it seeks an in-camera review of Rodriguez's medical records. In doing so, we quash the order that compels the production of all her medical records from the five years before the accident. On remand, the trial court must inspect Rodriguez's medical records in-camera "to prevent disclosure of information that is not relevant to this litigation." *See Scully*, 128 So. 3d at 989; *see also Muller*, 164 So. 3d at 750 ("On remand the court should conduct an in camera inspection and segregate any private documents that are

Regardless, even if that was the controlling standard, it would not change the outcome here because Rodriguez made such a showing.

5

not relevant to Muller's negligence action from the relevant documents.").[2]

PETITION GRANTED in part; ORDER QUASHED; REMANDED with instructions.

MAKAR and KILBANE, JJ., concur.

────────────────────────

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

────────────────────────

---

[2] Rodriguez also wants certiorari relief from the overruling of her objection to the disclosure of records to a third-party discovery vendor. She concedes that there are no Florida appellate opinions on this subject. We decline her invitation to break new ground in a certiorari proceeding. *See State v. Garcia*, 350 So. 3d 322, 326 (Fla. 2022) (holding that an order did not depart from the law's essential requirements since "there was no clearly established law binding on the trial court"); *San Perdido Ass'n*, 104 So. 3d at 355 ("There is an important difference between a departure from the essential requirements of law where there has been a violation of a clearly established principle of law and a case that involves an issue of law where the law is not yet settled."); *N. Brevard Cnty. Hosp. Dist. v. Deligdish*, 398 So. 3d 1126, 1131 (Fla. 5th DCA 2024) (denying certiorari relief as to the portion of the petitioner's claim that was "beyond the established limits" of the applicable legal doctrine).